GEO. W. CULP v. ATCHISON & NEBRASKA RAILROAD CO.

NEGLIGENCE; *Heedless and Careless Acts of Railroad Employes.* The blowing of a steam whistle, and the letting off of steam, are not *per se* acts of negligence, or evidence of wrongful conduct on the part of those in charge of a railroad train. But when those acts are done carelessly, heedlessly, and without any necessity therefor, they may become acts of negligence, and the railroad company be responsible for injuries caused thereby.

### *Error from Doniphan District Court.*

CULP's team became frightened, while near the railroad track and depot of defendants, in the city of Doniphan, in March 1874, causing plaintiff to be thrown from his wagon, and breaking his leg, and so injuring him that amputation of the leg was necessary. He alleged negligence on the part of the *Railroad Company*. A demurrer to his petition was

sustained at the September Term 1874, and *Culp* brings the record here for review.

*W. D. Webb*, and *B. O'Driscoll*, for plaintiff.

*W. W. Guthrie*, for defendant.

The opinion of the court was delivered by

BREWER, J.: This was an action for damages for physical injuries. The petition alleged, that plaintiff was driving his team on a traveled road which led by the railroad track and depot of defendant, that his team was frightened by the whistle and escape of steam from a locomotive at the depot, upset his wagon, and thereby caused him great physical injury. His petition showed that there was no negligence or want of care on his part. The allegations showing negligence on the part of the defendant are as follows:

"That there was then, and for thirty minutes theretofore had been, standing on the track of defendant's said railroad a train of defendant's cars, with a locomotive-engine attached to the north end thereof for the purpose of propelling the same, which said engine was then in charge and under the control of defendant's engineers, firemen, and servants, and was then standing still, but under full steam generated by fire; that when the plaintiff with his horses hitched to his wagon, and while he was so driving and riding in his wagon on said public road, had come opposite to said engine, and within one hundred feet thereof, the firemen, engineers, and servants of the defendant in charge of said engine, needlessly, carelessly, and with gross negligence, and heedlessly, caused the steam whistle of said engine to be suddenly and violently blown with useless, unusual, startling and terrifying noise and screeches, and at the same time heedlessly, carelessly and unnecessarily caused to be suddenly opened for the escape of steam the safety-valve on said engine, thereby the emission of steam therefrom making a sudden, violent and startling noise, and at the same time heedlessly, carelessly and unnecessarily, and with gross negligence, caused the steam to be let into the cylinder while the cylinder cocks were open, thereby causing sudden, violent, useless, startling, and hissing noises to be made by the escape of steam from said cylinder, and that the said defendants by their said misconduct, and by

their said gross carelessness, greatly frightened the said horses of this plaintiff so that they became unmanageable," etc.

· A demurrer to this petition was sustained, and this ruling is the error alleged. It cannot be questioned that defendant's train was rightfully on its track, and that the blowing of a whistle, and the letting off of steam with its attendant noise, are not *per se* acts of negligence, or evidence of wrongful conduct. It is also equally clear, that plaintiff was rightfully on the public road, and that in driving his team along the ordinarily traveled way he was guilty of no negligence and no wrong. Both parties were therefore rightfully where they were, the one with its train, and the other with his team. Each had a right to the enjoyment and use of its property in the ordinary and reasonable manner in which such property is used and enjoyed. Courts must take knowledge of the fact, that the blowing of a whistle is one of the ordinary signals used in the running of a train, and that in the management of locomotive-engines it is at times necessary to open the valves and permit the escape of steam. But still these acts, which at times are legal and necessary, may be done without any necessity therefor, out of mere heedlessness and negligence, or with a wanton and criminal intent to do wrong. That a party has a right to do a given act at certain times and under certain circumstances, does not prove that the same act is right under all circumstances, and at all times. A man may be guilty of no negligence, and do no wrong in firing a revolver, or he may thereby be guilty of the grossest negligence and cause the most grievous wrong. So in this case, while the defendant might under some circumstances, lawfully, and without subjecting itself to responsibility for injuries resulting therefrom, cause the whistle to be blown, or the valves to be opened and steam permitted to escape, yet the same acts done without any necessity therefor, done negligently and heedlessly, might render the defendant responsible for all injuries caused thereby. *T. W. & W. Rld. Co. vs. Harmon*, 47 Ill. 298. *Sic utere tuo ut alienum non lædas*, regulates the conduct, and determines the liability of corporations, as of

individuals. Now the petition before us alleges that these acts of the defendant were unnecessarily, carelessly, heedlessly and negligently done. And upon demurrer these allegations must be taken as true. If they are not sufficiently specific and definite, motion, and not demurrer, is the remedy.

We think that the court erred in sustaining the demurrer, and that its ruling must be reversed, and the case remanded with instructions to overrule the demurrer.

VALENTINE, J., concurring.

HORTON, C. J., not sitting in the case.