. [No. 5291.]

## DAVID H. HAHN v. THE SOUTHERN PACIFIC RAILROAD COMPANY.

LIABILITY OF RAILROAD COMPANY FOR DAMAGES.—Where a railroad track passes along a street, both the railroad trains and teams are entitled to the use of the street, and if horses are frightened by the appearance of the train or the ordinary noise of its passage, the railroad company is not liable for damages.

IDEM.—So if the cylinder-cocks are opened and the steam is blown off, and this is necessary in the prudent management of the engine, and the horses are frightened thereby, the railroad company is not liable for the damages.

VARIANCE BETWEEN PROOF AND COMPLAINT.—If the plaintiff claims damages from a railroad by reason of the negligence of one of its employees, and the evidence of the plaintiff tends to show that the act of the employee was willful and without the scope of his duty, the defendant must take advantage of it by motion for a nonsuit, or asking an instruction to the jury.

APPEAL from the District Court, Twentieth Judicial District, County of Santa Clara.

The plaintiff alleged in his complaint that, on the second day of May, 1874, he was driving a span of horses, harnessed to a wagon, in a northerly direction along Fourth street, in the city of San Jose, and a locomotive and train of cars, under the management of defendant and its agents, came along the railroad track towards him, and that, through the negligence and carelessness of the defendant and its agents in the management of the locomotive and train, the horses were frightened and he was thrown from the wagon.

The testimony of the plaintiff showed that the railroad track passed along Fourth street, and that he was driving up the same, and, as he reached Santa Clara street, which crossed Fourth, the train was stopped, and the engineer and fireman looked at him and laughed, and then opened the cylinder-cocks, when the steam rushed out against the horses, enveloping them in a cloud of steam, and that they were frightened and turned, and the plaintiff was thrown from the wagon.

The defendant's testimony tended to show that the steam was not blown off. The jury found a verdict for the plaintiff. The defendant appealed from the judgment and from an order denying a new trial.

The other facts are stated in the opinion.

*S. W. Sanderson,* for the Appellant.

*D. M. Delmas,* for the Respondent.

By the COURT:

The "negligence" charged against the defendant is, that when the locomotive was opposite the horses of plaintiff,

the cylinder-cocks were opened by, or under the direction of the engineer, and, as a consequence, the steam escaped in large quantities, and was cast violently against the horses, causing them to run away from the ~~defendant~~, and to throw him from his wagon. Both plaintiff and defendant were entitled to use the street, and it is not pretended that, if the horses were frightened by the appearance of the train, or by the ordinary noise of its passage, the plaintiff could recover.

Nor should plaintiff have recovered if the runaway was caused by the blowing off of the steam, if this was necessary in the prudent management of the engine. The claim of the plaintiff is that the steam was suffered to escape unnecessarily, when the locomotive was immediately opposite to the horses. The evidence of the plaintiff tended to show that if the steam was blown out unnecessarily, the opening of the cocks constituted a willful and malicious trespass on the part of the engineer or employee of defendant. If this point had been presented on motion for nonsuit, or an instruction had been asked, charging the jury that, if the evidence showed the act was willful on the part of the engineer, and without the scope of his duty, the plaintiff could not recover, a grave doubt would be suggested as to whether the verdict should be permitted to stand. But the conduct of the engineer may have been simply negligent; the jury so found, and on the transcript before us we cannot consider the fact thus passed on, and determine whether the act was willful or evidence of negligence. The case seems to have been fairly submitted to the jury, and, under the settled rule, we are not authorized to interfere with their conclusion.

We discover no material error of law in the record.

Judgment and order affirmed.