The Indianapolis Union Railway Company *v.* Boettcher.

---

## No. 14,489.

## THE INDIANAPOLIS UNION RAILWAY COMPANY *v.* BOETTCHER.

NEGLIGENCE.—*Negligent Use of Locomotive Whistle.*—*Frightening Horse which Throws and Injures Plaintiff.*—The ordinary use of a locomotive or engine, and the ordinary sounding of its whistle and escape of steam is not negligence; but the negligent and careless sounding of the whistle and blowing off of steam in such a way as to cause it to make an unusual noise, whereby the plaintiff's horse, which he is riding, throws and injures him, is actionable negligence.

SAME.—*Wilful Injury.—What is.—Contributory Negligence.*—Where an intent, either actual or constructive, to commit an injury exists at the time of its commission, such injury is not negligently, but wilfully inflicted; and when the injury sued for is alleged either in terms or in substance to have been wilfully or purposely committed, contributory negligence is no defence.

SAME.—*Evidence of Locality of Injury.*—The plaintiff may show the nature and surroundings of the place where the injury was inflicted.

SAME.—*Degree of Caution.—Anticipating Injury.*—More vigilance and caution are required in the performance of acts at a place where injury is liable to occur from their performance than where no injury may be anticipated.

SAME.—*Evidence of Gentleness of Horse Before and After Accident.*—Where it was sought to show that the horse frightened by the blowing of a steam

whistle was at the time gentle, the admission of testimony of former and prior use, and that he was always gentle at such times, even though it were inadmissible, is harmless error.

SAME.—*Instructions.*—For what are proper instructions in the case, see opinion.

From the Marion Superior Court.

*F. Winter, A. Baker* and *E. Daniels,* for appellant.

*W. W. Woollen,* for appellee.

OLDS, J.—This action was brought by the appellee against the appellant for damages alleged to have been sustained on account of the negligence of the agents and servants of the appellant.

Numerous errors are assigned and discussed. The first alleged error discussed is the overruling of appellant's demurrer to the first paragraph of the appellee's complaint.

Omitting the formal allegations of the complaint, it alleges: "That, on the 30th day of November, 1885, he, the said plaintiff, was then passing on and upon a certain public street and highway which intersects said Hadley avenue at or near the point where said Belt Railroad crosses the said avenue, and which street and highway runs in a southwesterly direction to said stock yards, and parallel with said switch and side-tracks; that at said time he was using all diligence on his part to manage his horse well and avoid any accident, and was not guilty of any negligence whatever; that the horse which he was riding was gentle and docile; that at said time the defendant, by its agents, had and was in possession, control, and had the management of a certain locomotive engine which was upon said switch and side-track; that said defendant, by its agents and servants, well knowing that the plaintiff was passing upon said street and highway, and not regarding its duty in that respect, so carelessly and negligently ran and managed the said locomotive engine as to cause and suffer it, by blowing its whistle, the blowing off of its steam, and suffering its steam to escape from it, to make loud and unusual noises, and thus frighten the horse

The Indianapolis Union Railway Company v. Boettcher.

which the plaintiff was riding, and causing him to become unmanageable, and to thus throw this plaintiff from off his back to the ground, and thereby breaking plaintiff's leg and bruising his body in divers places."

It is contended that the paragraph of complaint does not allege any acts of negligence for which appellant is liable to respond in damages; that the appellant, upon its own grounds, has the lawful right to sound its whistle and to blow off its steam, and suffer its steam to escape, and that such acts are not *per se* negligent, and that these are the acts with which the appellant is charged with the commission of, and that no facts are alleged which would make the doing of such acts unlawful or the commission of them a nuisance.

Counsel for appellant are led into an error by the interpretation placed upon the language of the complaint. It is true, no doubt, that the blowing of the whistle and necessarily allowing steam to escape in the ordinary and usual way are lawful acts, and unless some peculiar facts or special circumstances are alleged making such acts specially dangerous and hazardous to others, which facts and circumstances are known to the employees operating the engine, whereby it would become their duty to refrain from sounding the whistle or allowing the steam to escape at the particular time and place, the company would not be liable for such acts; but a liability would no doubt attach to the wantonly and purposely blowing off of steam and blowing of the whistle at a time when such acts would in all probability cause an injury to others.

This paragraph charges that the appellee was on the street or highway in close proximity to the engine; that this fact was known to the employees operating the engine; "that they carelessly and negligently ran and managed said locomotive engine as to cause and suffer it, by blowing of its whistle, the blowing off of its steam, and suffering its steam to escape from it to make loud and unusual noises."

It does not charge the blowing of the whistle or letting

off of steam in the usual and ordinary way, but doing it in such a way and manner as to make "loud and unusual noises," and that it was such loud and unusual noises that frightened the horse; that the horse was gentle and docile, and the appellee was using all diligence to manage him, but that by careless and negligent management of the engine by blowing the whistle and blowing off the steam, and suffering the steam to escape in such a way as to make a loud and unusual noise, it frightened the appellee's horse and caused the injury.

The ordinary use of the engine, and the ordinary sounding of the whistle and escape of steam, is not negligence. What appellee complains of is the negligent and careless use of the engine, in disregard of the duty, in sounding its whistle and blowing off its steam in such a way as to cause it to make not the usual noise, but an unusual noise. The ordinary sounding of the whistle and allowing steam to escape is not negligence, and such use of the engine is not complained of, but the negligent use of the engine.

This paragraph of complaint is clearly sufficient to withstand a demurrer. *Billman* v. *Indianapolis, etc., R. R. Co.*, 76 Ind. 166; *Cincinnati, etc., R. W. Co.* v. *Gaines*, 104 Ind. 526; *Culp* v. *Atchison, etc., R. R. Co.*, 17 Kan. 475; *Favor* v. *Boston, etc., R. R. Co.*, 114 Mass. 350.

The next alleged error is the overruling of the demurrer to the second paragraph of the complaint.

This paragraph was intended to charge, and we think it does charge, a wilful injury. It charges "that the said defendant, by its agents and servants, well knowing that the plaintiff was passing along said street and highway, and not regarding its duty in that respect, but intending to injure the plaintiff, and do that which would result in his injury, so purposely, wilfully and recklessly ran and managed its locomotive engine which was upon said switch and side-track, as to cause it, by the blowing of its whistle and the blowing off

of its steam, to make loud and unusual noises, and thus to frighten the horse," etc.

This paragraph alleges that the agents and servants of appellant, intending to injure the plaintiff, purposely, wilfully and recklessly ran and managed the locomotive as to cause it, by, etc., to make loud and unusual noises, and thus to frighten the horse, etc. This charges the wilful and purposely doing of the acts which caused the injury, and makes the paragraph good as a charge of wilfulness. *Chicago, etc., R. R. Co.* v. *Hedges,* 105 Ind. 398; *Cincinnati, etc., R. R. Co.* v. *Eaton,* 53 Ind. 307; *Pennsylvania Co.* v. *Sinclair,* 62 Ind. 301.

In this latter case it is held that when an intent, either actual or constructive, to commit an injury exists at the time of its commission, such injury ceases to be a merely negligent act and becomes one of violence and aggression, and that when the injury sued for is alleged, either in terms or in substance, to have been wilfully or purposely committed, contributory negligence ceases to be a defence. Error is assigned on the overruling of appellant's motion for judgment on the jury's answers to interrogatories, notwithstanding the general verdict.

There was no error in this ruling. We have carefully considered all of the interrogatories and answers thereto, and the facts found in answer to the interrogatories do not entitle the appellant to a judgment, notwithstanding the general verdict.

The answers to interrogatories show that the persons in charge of the engine allowed the steam to escape and blew the whistle at an unusual time, and negligently and wilfully blew the whistle. By the general verdict the jury found that the persons in charge of the engine either negligently or wilfully ran and managed the engine by blowing the whistle and blowing off steam and suffered the steam to escape so as to make loud and unusual noises, and thus frightened appellee's horse. There are no facts found in the an-

swer to the interrogatories controverting this or any other facts found by the general verdict.

It is next alleged that the court erred in overruling appellant's motion for a *venire de novo*, for the reason, as stated, that " the answers to the twentieth and twenty-first interrogatories show that the general verdict was based upon inconsistent causes of action, and that the general verdict included damages upon account of an injury which was not in the record. The same act was said by the jury to have been at once negligent and wilful." The act referred to is the blowing of the whistle. The answers to these interrogatories are not inconsistent, nor are they inconsistent with the general verdict. There is no finding that the whistle was blown but one time; for aught that appears from the answers to interrogatories the employees may have at one time negligently blown the whistle and at another they may have wilfully blown it, and at each time it may have been blown in such a way as to have made a loud and unusual noise. The motion for *venire de. novo* was properly overruled. Indeed, if all was conceded that counsel claim, we do not think it would entitle the appellant to this remedy. Numerous questions are presented on the ruling on the motion for a new trial.

The appellee asked his witness, Owen Gray, the following question :

" I will ask you what amount of travel there is over Hadley avenue right at that point." The appellant objected to the question, for the reason " that the complaint did not count upon any condition of the tracks at the crossing, or upon any negligent conduct of the defendant at the crossing, or upon any negligent use of the crossing by the appellant." The court said to appellee's attorney : " You mean at the crossing ? " Counsel answered : " I wish to show that right at that point, within 75 or 100 feet of where this engine stood, on Hadley avenue, there is perhaps as much or more travel than on any other street that leaves this city,

The Indianapolis Union Railway Company v. Boettcher.

and also that on Exchange avenue hundreds of men pass over it going to the stock yards." The court said: "You may show that."

This ruling was proper. It was clearly permissible for the court to allow the appellee to show the nature and surroundings of the place where the accident occurred. What may have been careless or gross negligence under some circumstances, might not be under others. More vigilance and caution are required in the doing of acts at a place where injury is liable to occur from them than where no injury may be anticipated from the doing of them.

The appellee was being examined as to the character of the horse, and was asked as to his use of the horse before the accident and since up to the trial.

Counsel for appellant objected to the questions relating to the use of the horse subsequent to the accident. The court overruled the objection. It was sought to be shown that the horse was a gentle horse at the time; and the fact that he had used him before and after that time was proper, at least it does not constitute such error as to justify a reversal of the judgment, as certainly no harm could result from the witness saying he had used the horse since, and he had acted all right.

No good would result from a discussion of the evidence. We think there is sufficient evidence to support the verdict.

The giving of the second, seventh and eighth instructions is alleged as error. The second construes the second paragraph of complaint as charging wilfulness, and in this there was no error.

The seventh instruction is as follows:

"*Seventh.* If you find that the agents and servants of the defendant, at the time of the alleged injury, seeing the plaintiff as he was about to approach the crossing, could have avoided any injury by the exercise of even ordinary care, but disregarding their duty in that respect, recklessly and purposely caused the whistle to sound or the steam to be

The Indianapolis Union Railway Company *v.* Boettcher.

blown off, on and from the locomotive engine, intending to injure the plaintiff or to frighten his horse, or under such circumstances as imply a willingness to inflict injury or to disregard human life, you may find that such injuries (if any were committed) were wilfully and wantonly done, and in such case the plaintiff could recover, even though he were himself negligent in his own conduct at the time: provided that such agents and servants were in the regular course of their employment by the defendant at such time and in the line of their business."

There was no error in the giving of this instruction, taken in connection with the other given. *Pennsylvania Co.* v. *Smith*, 98 Ind. 42.

By the eighth instruction the jury were told that " if an injury came to the plaintiff by his horse merely becoming frightened at the locomotive while standing on the track, however close to the highway, that had become stationary for a few minutes before, and making no loud and unusual noises, there could be no recovery for such injuries; under such circumstances the locomotive could not in law be considered an object likely to frighten reasonably gentle horses. And in order, under such circumstances, to make it such an object of danger to travel it would have to be shown that in its use and management some act was done which caused its machinery to make noises, emit smoke or steam, in a way and to a degree that would, under the circumstances, amount to carelessness and negligence."

There was no error in the giving of this instruction, and it was as favorable to the appellant as it was entitled to have given.

There is no error in the record.

Judgment affirmed, with costs.

Filed Oct. 15, 1891; petition for a rehearing overruled March 15, 1892.

## DISSENTING OPINION.

COFFEY, C. J., and MILLER, J.—We regret our inability

to concur in the opinion in this case. In our opinion the first paragraph of the complaint does not state facts sufficient to constitute a cause of action. As the court below overruled a demurrer thereto, the judgment, we think, should be reversed for the error thereby committed.

Filed Oct. 15, 1891.