WEIL *v*. ST. LOUIS SOUTHWESTERN RAILWAY COMPANY.

Opinion delivered January 8, 1898.

NEGLIGENCE—NOISE FRIGHTENING HORSE.—A railway company is liable where, by needlessly and negligently blowing its whistle in a city, it so frightened a horse that he ran away and injured his driver. (Page 538.)

TRIAL—QUESTION FOR JURY.—Whether the blowing of a locomotive whistle in a particular instance was necessary in the prudent working of the train is a question for the jury, subject to the instructions of the court. (Page 538.)

Appeal from Jefferson Circuit Court

JOHN M. ELLIOTT, Judge.

*W. P. & A. B. Grace* and *I. Rineberger*, for appellant.

The instructions given for appellee were erroneous, because they made the liability of the company to rest on the willfulness, rather than the negligence, exhibited by the engineer.    A railroad company, operating cars along a public street, owes a high degree of diligence to the public, and is liable for any negligent injury to a person.    3 Elliott, Railroads, §§ 1093–4; 42 Ark. 327; 37 Am. & Eng. R. Cases, 345; 2 Wood, Rys. §271,

and cases cited; 36 Am. & Eng. R. Cas. 151, and cases cited; 96 Mo. 290; 22 Mo. 373; 159 Pa. St. 471; 42 Ark. 329; 112 Ind. 59; 53 Ark. 7; 102 Mo. 544; 93 Ky. 449; S. C. 17 L. R. A. 63. The unnecessary blowing of a whistle at a place where it is likely to do harm is negligence. 2 Wood, Rys. § 324, and cases cited; 88 Pa. St. 412; 56 Ark. 390; 98 Am. Dec. 348, and note. 4 Hun, 346; 60 Ark. 414; 76 Ind. 166; Wharton, Neg. § 107; 8 Am. & Eng. R. Cas. 248; 43 Am. & Eng. R. Cas. 194; 23 L. R. A. 283. Whether the sounding of the whistle was negligent, was a question for the jury. 60 Ark. 413.

*Sam H. West* and *J. M. & J. G. Taylor*, for appellees.

There is no error in the first and second instructions given. The railway company had a right to operate it trains, and the sounding of the whistle was in the proper exercise of this right, and so not wrongful. Elliott, Railroads, § 1264; 60 Ark. 419; 140 Mass. 81; 114 Mass. 352. The third instruction was proper. An accident resulting from the doing of a lawful act must be accompanied with circumstances of willfulness or wantonness to render it actionable. 52 Iowa, 248; 140 Mass. 80; 98 N. C. 247; 27 S. E. 991. There was no negligence in the blowing of the whistle. 80 Pa. St. 412; 98 N. C. 247; 140 Mass. 89; 114 Mass. 350.

BATTLE, J. Max Weil sued the St. Louis Southwestern Railway Company to recover damages for personal injuries. The defendant recovered a verdict and judgment, and the plaintiff appealed.

A part of the track of appellee's railway is located on and along a public street in the city of Pine Bluff, in this state, which is known as and called "Third Avenue," and is much traveled by persons, and by vehicles drawn by horses. On the 29th of June, 1894, while appellee was operating its railroad along this street, appellant, a baker, was delivering bread to his customers, and was using his horse and delivery wagon for that purpose. He drove into Third avenue, and stopped his horse and wagon near the sidewalk between Alabama and State streets. He testified that while seated in his wagon, at this time and place, one of appellee's locomotives, near by and east of him,

"blew a loud blast of its whistle,  *. * *  and this was immediately answered by a blast of the whistle of another of appellee's locomotives, behind and west of him, and on the same square," which caused his horse to run away and seriously injure him.  He testified further, that his horse was gentle, and accustomed to see locomotives and hear them whistle; that, in the two and a half years in which he had driven her, she never had been frightened; that the sound of the second whistle was peculiar and extraordinary; that he had driven along Third avenue for fifteen years, and had never before heard such a terrific whistle; and that, though the street is frequently crowded with vehicles, his was the only wagon on the block at the time, and there was nothing to obstruct the view of it by the engineer of either locomotive.  The testimony of other witnesses is in conflict with his, as to the sound of the whistle, but it is not necessary to set it out in this opinion.  The signals were not given in obedience to any statutory regulation.

The court gave to the jury three instructions, at the instance of the appellee, to each of which appellant objected. But we will notice only one of them, as the test applied to it will be sufficient to determine whether the others are erroneous. It is as follows:

"Third.  Before the jury can find for the plaintiff, they must find from the evidence that when the engineer sounded his whistle, he knew it would cause the horse to take fright, or intended to frighten the horse, or was guilty of such wilful neglect of Weil's rights, in view of all the circumstances, as would justify them in finding that the conduct of the engineer was wilful, and intended to cause injury.  And if they find that the engineer did not know that the horse would take fright, and did not intend to cause injury to Weil, they will find for the defendant."

The instruction is not a correct statement of the law. Appellant had the right to go on Third avenue in the pursuit of his business or pleasure; and appellee had the right to operate its railroad along the same street, and "to make the noises incident to the management and working of its engines and trains, as in the escape of steam and the rattling of cars, and also the right to give the usual and proper admonitions of

danger, as in the sounding of whistles and the ringing of bells."
But each was under obligations to observe the rights of the
other. The maxim, "*Sic utere tuo ut alienum non laedas,*"
applies with equal force to both. They were under reciprocal
obligations to use a decree of care commensurate with the danger
of the situation, to avoid injuring each other.

Having located its railway along the street of a populous
city, along which horses are frequently driven, appellee knew
the hazard that must ensue, and should have avoided needlessly
or negligently making noises which were calculated to frighten
horses upon the street, and cause them to run away. In the
absence of statutory regulations, as in this case, it was limited to
the reasonable use of signals, and "is liable for injuries caused
by the whistle, when sounded carelessly or recklessly, or at an
improper place, or when not required in the prudent working
of its engines and trains." What was an improper use was a
question for the jury, subject to the instructions of the court.
*Petersburg R. Co.* v. *Hite,* 81 Va. 767; *Hill* v. *Portland &
Rochester R. Co.* 55 Me. 438; *Toledo, Wabash & Western Ry. Co.*
v. *Harmon,* 47 Ill. 298; *Hahn* v. *Southern Pacific R. Co.* 51 Cal.
605; *Cincinnati, Indianapolis & Chicago R. Co.* v. *Gaines* (Ind.),
54 Am. Rep. 334; *Bittle* v. *Camden & Atlantic R. Co.* (N. J.), 23
L. R. A. 283; *Chicago, Burlington & Quincy R. Co.* v. *Dickson,*
88 Ill. 431; *Indianapolis Union R. Co.* v. *Boettcher,* 131 Ind.
82; *Abbot* v. *Kalbus* (Wis.), 39 Am. & Eng. R. Cases, 594;
Pierce, Railroads, 348; 3 Elliott, Railroads, § 1264.

For the error indicated, the judgment of the circuit court
is reversed, and the cause is remanded for a new trial.