ROBERT P. BUCKMAN, Respondent, v. MISSOURI, KANSAS AND TEXAS RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, January 30, 1900.

Railroads: NEGLIGENCE. The engineer had no reason to anticipate that stock would be on the right of way where the railroad passed through an enclosed field and which was properly fenced, and therefore he was under no obligation to keep a vigilant watch.

Appeal from the Monroe Circuit Court.—*Hon. Reuben F. Roy*, Judge.

REVERSED AND REMANDED.

*Geo. P. B. Jackson* for appellant.

(1) The court erred in giving the third instruction asked by the plaintiff. The third count was based on the theory that the train which struck the plaintiff's mare was being carelessly run and operated by the defendant, its agents and employes. There was no evidence in the case which warranted the giving of this instruction, and nothing proved upon which to predicate a recovery. There was ab-

solutely no evidence whatever to show that the train was handled in a careless manner. The only witness who testified upon the subject was Mr. McLeod, who said that when the animals were about seventy-five yards from the crossing and the train was about fifty yards north of the animals, the engine commenced to whistle, and he saw no sign of checking the speed, but there was no testimony tending to show that the train could have been stopped in the distance above mentioned, or within any other particular distance, or that the collision could have been avoided in any way. (2) The instruction was also erroneous because it authorized a recovery even if the mare had not been discovered in time to have avoided the injury, thus authorizing a recovery upon the theory that it was the duty of the men on the engine to be on the lookout for animals upon the inclosed portions of the railroad the same as they would be at road crossings or other public places. The law does not impose such duty upon men operating trains, and the defendant could only be held liable for the negligence of train men in the event that they failed to make proper effort to avoid striking the animal after she was actually discovered. Welch v. Railroad, 20 Mo. App. 477; Hoffman v. Railroad, 24 Mo. App. 546.

*John C. Peirsol* for respondent.

(1) The verdict was in harmony with and supported by the greater weight of the evidence and the appellant ought not to be heard to complain on that point. The defendant not only did not stand on a demurrer to the testimony at the close of plaintiff's case, but failed to offer such demurrer, and introduced testimony to controvert that offered by the plaintiff and at the close of the case offered and had given by the court instructions numbered 7 and 8, bearing directly upon the evidence offered by plaintiff in support of the third

count of his petition. There was no objection offered in the trial of the case in the court below to the introduction of plaintiff's testimony on this point; and after the submission of the issue thus raised, appellant can not complain of the finding of the jury. Wilson v. Gibson, 63 Mo. App. 157; Water Co. v. Neosho, 136 Mo. 498; Diel v. Stegner, 56 Mo. App. 535.

BIGGS, J.—The plaintiff claims that a horse belonging to him was struck and killed by an engine on defendant's railroad. The petition contains two counts, one for double damages for the alleged failure of defendant to maintain a sufficient cattle-guard where the animal came upon the track, and the other is based on the alleged negligence of defendant's servants in running the train, by reason of which it is claimed that the animal was killed.

There was a verdict for the defendant on the first count, and a finding by the jury in favor of plaintiff on the other count. Judgment was entered accordingly, and the defendant has appealed.

It is undisputed that the horse, when discovered by the engineer in charge of the locomotive, was on the railroad track, where it passed through a farm, and the evidence leaves but little doubt that it came upon the right of way over a cattle-guard at the crossing of a public highway. The jury by the verdict on the first count found that the cattle-guard was in good condition and properly constructed. The horse passed over the cattle-guard about eight o'clock at night and walked north along the track a distance of about seventy-five yards, when, upon discovering the approaching train and hearing the sound of the whistle, it turned and ran south and passed over the cattle-guard onto the highway, where the evidence tends to prove it was struck by the locomotive. The testimony of plaintiff also tended to prove that no effort was

made to stop the train, but if anything its speed was increased after the alarm whistle had been given, and that when the whistle was blown the train was about fifty yards from the horse. It was also shown that for a distance of one-half mile north of the highway the right of way of the railroad was on level ground and was free from obstructions. There was nothing to show within what distance the train could have been stopped. Upon this proof the court at the instance of the plaintiff gave the following instruction, of which the defendant complains:

3. "The court instructs the jury that if the jury find from the evidence in the cause that the plaintiff's mare strayed or went upon the defendant's right of way on or near a public crossing, and that the plaintiff's mare so being on said right of way, the defendant could by the exercise of ordinary care have discovered said mare in time to have avoided by the exercise of ordinary care the killing of the same, then your verdict must be for the plaintiff on the third count, and you will assess the plaintiff's damages at the reasonable market value of the said animal at the time of the killing."

In this instruction the jury were told (in effect) that if the engineer in charge of the locomotive could, by the exercise of ordinary care, have discovered the horse in time to have avoided the injury, then the defendant was liable. Under the facts we think this was an erroneous direction. When and where and under what circumstances persons operating trains are bound to keep a lookout for animals on the track of the railroad, was thoroughly considered by this court in Hill v. Railroad, 49 Mo. App. 520. Our opir·on being in conflict with previous decisions of the Kansas City Court of Appeals (Hoffman v. Railroad, 24 Mo. App. 546, and Welch v. Railroad, 20 Mo. App. 477), the cause was certified to the supreme court, where the opinion of this court was in all

things affirmed, and it is now the law of this state. Hill v. Railroad, 121 Mo. 477. In that case we applied the same rule to live stock that the supreme court had previously adopted in determining the obligation resting on railroad companies as to adult persons who might be injured while trespassing upon a railway track. Barker v. Railroad, 98 Mo. 50; Rine v. Railroad, 100 Mo. 228; Shaw v. Railroad, 104 Mo. 656; Harlan v. Railroad, 65 Mo. 22; Kelley v. Railroad, 75 Mo. 138; Dunkman v. Railroad, 95 Mo. 244; Hilz v. Railroad, 101 Mo. 54. The doctrine of these cases as stated in our opinion in the Hill case, and which the supreme court approved, is "that where adult persons are mere trespassers upon the railway track, where they are upon the track at places where it is fenced and where they have no right to be, the company owes them no duty other than the duty of not wantonly injuring them, after discovering them in their exposed condition; it is not bound to look out for them, and its failure to do so is not negligence. But, where the place is such that the servants of the railway company may and ought reasonably to anticipate that persons may lawfully be upon the track, as at a highway crossing or where the track is built upon a public highway or in a private coal yard intersected by railway tracks, and in other cases that might be supposed, then the rule is that the servants of the railway company are under a duty of active vigilance, and that, if by the exercise of ordinary care in the discharge of this duty they might have seen the killed or injured person on the track in time to have avoided killing or injuring him, and they nevertheless failed so to do, the company will be liable." The facts in the case at bar do not bring it within the exceptions to the rule as above stated. The engineer had no reason to anticipate that stock would be on the right of way where the railroad passed through an inclosed field and which was properly fenced, and

therefore he was under no obligation to keep a vigilant watch.

It is suggested, however, by counsel for respondent, that the instruction (if erroneous) was not prejudicial to appellant, for the reason that the evidence showed that the engineer did see the horse in time to have stopped the train so as to avoid the accident. The evidence is that the engineer did not discover the animal until the train was within fifty yards of it. This placed the train about one hundred and twenty-five yards from the cattle-guard. There was no attempt to show that the train under the circumstances could have been stopped within that distance. If there had been any such proof, it might have been met with counter-proof, to the effect that it would have endangered the lives of persons on the train or of property thereon, to have attempted to stop it or check its speed, and that all things considered it was but the exercise of ordinary care or prudence that no such attempt was made. It is plain that these questions of fact have not been tried, and as they bear directly on the liability of defendant, the judgment will have to be reversed.

The defendant is the owner of the railroad in question. There is some evidence that the Wabash Railroad Company runs a train over the road, and that it killed the plaintiff's horse. In view of a retrial, we deem it proper to say that the presumption is that the train in question belonged to the defendant.

For the error pointed out the judgment will be reversed and the cause remanded. All concur.