# Weller *v.* Lehigh Valley Railroad Company, Appellant.

*Negligence—Railroads—Crossing—Sudden emission of steam—Fright of horse—Evidence—Case for jury.*

Where a railroad company permits an engine to stand at a grade crossing in such a position as to cover the whole of the sidewalk and extend into the street several feet, and while in this position causes steam to be blown off from the engine without any warning or notice, and thus frightens a horse attached to a carriage passing in front of the engine at the time, and as a result the driver of the horse is injured, a verdict and judgment against the company for the injuries sustained is proper.

Argued April 13, 1909. Appeal, No. 41, Jan. T., 1909, by defendant, from judgment of C. P. Luzerne Co., Oct. T., 1904, No. 486, on verdict for plaintiff in case of Morgan Weller v. Lehigh Valley Railroad Company. Before MITCHELL, C. J., FELL, BROWN, POTTER and ELKIN, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before FULLER, J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $5,000. Defendant appealed.

*Error assigned* was in submitting the case to the jury.

*Wheaton, Darling & Woodward,* for appellant.—In cases of fright of horse by blowing off steam the burden is on the plaintiff to show that the emission was unnecessary: Hanlon v. Turnpike Road Co., 182 Pa. 115; Drayton v. R. R. Co., 10 W. N. C. 55; Farley v. Harris, 186 Pa. 440; Steiner v. Traction Co., 134 Pa. 199; Webb v. Ry. Co., 202 Pa. 511; Abbot v. Kalbus, 74 Wis. 504 (43 N. W. Repr. 367); Kepner v. Traction Co., 183 Pa. 24.

*John M. Garman,* with him *W. Alfred Valentine,* for appellee.—It is negligence to permit an engine to let off steam at an improper place: Borst v. Ry. Co., 4 Hun (N. Y.), 346; Penna. R. R. Co. v. Horst, 110 Pa. 226; Williams v. Ry. Co., 48 Am. & Eng. R. R. Cases (N. S.), 343; Geveke v. R. R. Co., 57 Mich. 589 (24 N. W. Repr. 675); Webb v. Ry. Co., 202 Pa. 511; Foster v. Lumber Co., 43 Am. & Eng. R. R. Cases (N. S.), 282; Manchester, etc., Ry. Co. v. Fullarton, 14 C. B. (N. S.) 53; Texas Midland R. R. Co. v. Cardwell, 24 Am. & Eng. R. R. Cases (N. S.), 892; Fay v. Ry. Co., 131 Wis. 639 (111 N. W. Repr. 683); Boothby v. R. R. Co., 90 Me. 313 (38 Atl. Repr. 155); Presby v. G. T. Ry. Co., 66 N. H. 615 (22 Atl. Repr. 554); Keech v. Rome, 59 Hun (N. Y.), 617; Andrews v. Ry. Co., 77 Iowa, 669 (42 N. W. Repr. 513); Devlin v. Beacon Light Co., 198 Pa. 583.

OPINION BY MR. JUSTICE ELKIN, May 24, 1909:

The single question raised by this appeal is whether the facts established at the trial show such a failure of duty on the part of appellant as to make it liable in damages on the ground of negligence. An engine belonging to defendant was left standing at a grade crossing in the city of Wilkes-Barre so to as cover the entire sidewalk and to extend out into the street several feet. How long the engine had stood there is

not definitely fixed, because the offer to prove this fact was refused on the ground that it was immaterial. The exclusion of this testimony has not been assigned for error, and since the plaintiff recovered a judgment in the court below it is not important to now consider whether or not it was properly excluded. It is an answer, however, to the argument made for appellant that there was no evidence to show how long the engine stood upon the crossing. There is no such evidence, because the offer was refused on the objection of counsel for appellant. While the engine was standing in this position appellee in a one horse carriage approached the crossing. Just as his horse was passing in front of the engine, steam was suddenly blown off, which caused the horse to become frightened and run away. The plaintiff was thrown from his carriage and seriously and perhaps permanently injured. The evidence shows that the train to which the engine was attached was not being moved at the time of the accident and that there was other space on the track some distance from the crossing where it could have stood. Under these circumstances it must be determined whether there can be a recovery. The learned counsel for appellant rely upon a line of cases in which it has been held that the emission of steam and smoke are the necessary accompaniment of the use of locomotive engines, and that it is only in exceptional cases where negligence can be imputed to railroad companies because horses on the highway are frightened by escaping steam. As a general proposition this may be accepted as a correct statement of the rule. It has been frequently held that the running of locomotives in the usual method or of blowing off steam for proper purposes, is not negligence. This is a sound rule and there is no disposition to disturb it. An examination of the cases cited by appellant will show that this rule has been followed and each case properly decided under its particular facts. We are not convinced, however, that the case at bar is ruled by any of the cases cited, or that anything said in those cases was intended to announce a principle which would deny the right to recover under the facts here presented. The rule is want of care under the circumstances. It is true that

a railroad company has ordinarily the right to the exclusive use of its tracks and right of way, and that it enjoys the privilege of running its trains and operating its engines according to its rules and regulations for every proper purpose. At grade crossings the situation is somewhat different. The railroad company does not have the exclusive use, and the rights of the public must be considered. The railroad company on one hand and a traveler on the highway on the other each has a duty to perform respecting the rights of the other. In the present case the appellee was driving on a street where he had a right to be. He had a right to drive his team over the crossing, and it is not contended that he was negligent in the performance of any duty imposed upon him. He saw an engine standing at rest without showing any signs of moving. It extended out into the street. It was necessary for him to pass it. He attempted to do so and just as he got in front of the engine the steam was suddenly and without warning blown off with such force as to frighten his horse and cause the injuries complained of. We think under these circumstances it was for the jury to determine whether the railroad company in the exercise of its rights and privileges had due regard for the rights of the appellee by permitting the steam to be blown off without any warning or notice just as his horse passed in front of the engine.

Judgment affirmed.