## EFFINGER *v.* FORT WAYNE AND WABASH VALLEY TRACTION COMPANY.

[No. 21,817. Filed February 2, 1911.]

1. RAILROADS.—*Highways.—Running Trains along.—Negligence.* —While those in charge of an interurban car are not ordinarily required to keep a watch for the safety of people using a highway, nor to limit the speed of the car, still, where such car is being run on a track parallel with and adjacent to the public highway, and a traveler on the highway is in imminent peril because thereof, and cannot extricate himself, those in charge of the car are not permitted, after notice thereof, to act in such a manner as to increase such peril. p. 178.

2. RAILROADS.—*Interurban.—Highways.—Negligence. — Complaint.* —A complaint alleging that the plaintiff was driving along a highway adjacent to an interurban railroad, that his horse became frightened at an approaching car and began to jump, that

the motorman of such car saw the condition of the horse in time to stop, but that he failed to do so and continued to run the car toward plaintiff, causing the horse to jump into a ditch at the side of the road, to plaintiff's damage, states a cause of action. p. 180.

From Wells Circuit Court; *Charles E. Sturgis*, Judge.

Action by Ferdinand Effinger against the Fort Wayne and Wabash Valley Traction Company. From a judgment for defendant, plaintiff appeals. Transferred from Appellate Court under §1394 Burns 1908, subd. 2, Acts 1901 p. 565, §10. *Reversed.*

*Levi Mock, George Mock* and *John Mock*, for appellant.

*Eichhorn & Vaughn, Barrett & Morris* and *Samuel L. Morris, Jr.*, for appellee.

MORRIS, J.—This is an action brought by appellant against appellee. The circuit court sustained a demurrer to the complaint for want of facts. Appellant declined to plead further, and judgment was thereupon rendered in favor of appellee, from which judgment this appeal is prosecuted.

The only error assigned is in sustaining the demurrer. The complaint, omitting formal parts, is as follows:

Plaintiff complains of defendant, and for cause of action says that defendant, Fort Wayne and Wabash Valley Traction Company, is a corporation, organized and doing business under the laws of the State of Indiana; that the business of said corporation is that of a common carrier, and in its said capacity of a common carrier it operates a line of railway between the city of Fort Wayne, Indiana, and the city of Bluffton, Indiana, over which line of railway cars are propelled by means of electricity, said cars being what are commonly called interurban railway cars, and said line of railway being commonly called an interurban railway; that on and prior to September 27, 1906, said defendant owned and was operating said railway as aforesaid; that for a mile north of the city of Bluffton said railway runs parallel with and on the west side of the public highway, and the center of said railway track is within thirty feet of the center of

said public highway throughout said distance; that there was on said day a deep ditch on both sides of said public highway, and for three-quarters of a mile south from the place of the accident, hereinafter mentioned and complained of, there were no trees of any kind, hills or obstructions of any sort between said highway and said interurban railway; that on September 27, 1906, plaintiff was in a single buggy, the top of which was up, which said buggy was drawn by a six-year old horse that had always been gentle, quiet and safe to drive, and was owned and driven at said time by Luther Brown; that on said day plaintiff and said Brown were seated in said buggy, and the horse was being driven by said Brown from the north towards said city of Bluffton, on and along said public highway on the east side of said railway; that on said day, at said time, said defendant was running one of its cars north from said city of Bluffton over said railway track at a rate of speed not less than twenty miles an hour; that at said time said Brown was driving said horse in a careful manner on said public highway; that when said horse and buggy were over one hundred feet from said car, as it was approaching said horse and buggy, said horse became frightened at said approaching car and the appearance thereof, and began to jump and rear; that said Brown threw up his hand, and signaled the motorman in charge of said car to stop; that while said horse was so frightened, jumping and rearing, at the approach of said car, defendant's agent and motorman saw and was fully aware of the frightened condition of said horse and the cause thereof, in ample time to check the speed of said car and the motion thereof and prevent the injuries to plaintiff, hereinafter complained of, and said motorman and agent of defendant in charge of said car, with full knowledge of the facts aforesaid, carelessly, negligently and unlawfully failed, refused and neglected to stop or to check the speed of said car, though signaled and requested to do so by said Brown, and negligently and carelessly ran said car at said high rate

of speed of twenty miles an hour towards and in the direction of said horse and buggy, in close proximity to them, thus greatly increasing the fright of said horse, by reason of which, and on account of the negligence of said motorman and agent of defendant as aforesaid, it was impossible for said Brown or this plaintiff to hold, manage or control said horse; that on account of the negligence and carelessness of said motorman and agent of defendant, said horse jumped into said ditch on the east side of said highway, upset said buggy in said ditch, thereby throwing plaintiff violently against the east bank of said ditch on his shoulders and face, causing concussion from the shoulder to the hip joint, and going around the entire body producing echymosis and great pain and anguish; that had said motorman shut off the electricity from the motors on said car the noise caused by said car would have been greatly lessened, and had said car been stopped or the speed thereof slackened said accident would have been averted, all of which could have been done without danger or damages to said car or any of the occupants thereof; that at the time of the injury plaintiff was in the real estate business, and was earning $200 a month; that on account of said injury he was confined to his bed three weeks, and was unable to do any work or follow his occupation until December 18, 1906; that on account of said injury he has been compelled to pay for medical attention the sum of $25 and the further sum of $12 for medicine, all to plaintiff's damages in the sum of $1,000, for which he demands judgment, and for all other proper relief."

Counsel for appellant in their brief state that the lower court sustained the demurrer on the theory that defendant owed no duty to one driving along a highway running parallel with its road.

While, as a general rule, those in charge of a railway train are not required to watch an abutting highway to discover frightened horses, and while it is not negligence, in itself, to run a train or an electric car at a speed of twenty miles an hour, it does not follow therefrom that there

may not be circumstances under which a duty might arise on the part of the railway company to avoid an injury to a traveler on such highway. As was said by Mr. Justice Brewer, in the case of *Culp* v. *Atchison, etc., R. Co.* (1877), 17 Kan. 475, " that a party has a right to do a given act at certain times and under certain circumstances, does not prove that the same act is right under all circumstances, and at all times." 2 Thompson, Negligence (2d ed.) §§1909–1911; *Billman* v. *Indianapolis, etc., R. Co.* (1881), 76 Ind. 166. Negligence is a relative term, and of necessity must depend upon the circumstances of each particular case. All the attendant circumstances, including the degree of danger and defendant's knowledge, if any, of plaintiff's peril, should be considered in determining the standard of care that may reasonably be required in the particular case. 29 Cyc. 417.

It is not sought in this complaint to charge defendant with negligence in the first instance, by reason of either the speed of the car or its appearance, but the theory of the pleading is that plaintiff was in a situation of imminent peril, and defendant, with full knowledge of the situation, afterwards increased that peril, and thereby caused the injury.

It may be stated as a general rule, that when one sees another in imminent peril from which he cannot extricate himself, it is the duty of the former so to act as not to increase the peril, and if he does act in a manner to increase the danger after knowledge thereof, he is guilty of negligence. *Indianapolis Union R. Co.* v. *Boettcher* (1892), 131 Ind. 82; *Billman* v. *Indianapolis, etc., R. Co., supra; Louisville, etc., R. Co.* v. *Stanger* (1893), 7 Ind. App. 179; *Lake Erie, etc., R. Co.* v. *Juday* (1898), 19 Ind. App. 436; *Kentucky, etc., Bridge Co.* v. *Montgomery* (1902), 67 S. W. (Ky.) 1008; *Ward* v. *Maine Cent. R. Co.* (1902), 96 Me. 136, 51 Atl. 947; *Hanlon* v. *Philadelphia, etc., Co.* (1897), 182 Pa. St. 115, 37 Atl. 943; note to *Fares* v. *Rio Grande, etc., R. Co.* (1904), 3 Am. and Eng. Ann. Cas. 1067, 1070; *Illinois Cent. R. Co.* v. *Martin* (1908), 33 Ky. Law 666, 110 S. W. 815; *Louisville, etc., R. Co.* v. *Smith* (1899), 107 Ky. 178, 53 S. W. 269.

The complaint alleges that plaintiff and another were driving on a public highway, running parallel with defendant's road, and only thirty feet from the center thereof; 2. that there was a ditch on each side of the highway; that the horse became frightened at the approaching car and began to jump and rear; that the buggy top was up; that defendant's motorman saw and was fully aware of plaintiff's situation while the car was one hundred feet away, and in time to slacken the speed of the car and prevent plaintiff's injury, and without danger of injury to the passengers or car, but that, with full knowledge of the situation, he neglected to stop or check the speed of the car, thereby increasing the horse's fright, and rendering it impossible for the driver to control the horse; that by reason of the motorman's said conduct, after knowing plaintiff's peril, the horse jumped into one of the ditches at the side of the highway, thereby causing plaintiff's injury. The complaint charges negligence under said rule.

Counsel for appellee assert that the complaint is insufficient because there is no allegation that the appearance of the car, or any act complained of, was calculated to frighten horses of ordinary gentleness. The complaint does not proceed on that theory, but on the theory before indicated.

Appellee also contends that the complaint is defective because it fails to aver that plaintiff would have been able, because of the gentleness of the horse, to control it, had the car been stopped. In view of the facts alleged, such allegation was unnecessary.

Appellee further says the complaint is insufficient because it fails to allege that defendant's failure to check the speed of the car was the proximate cause of the injury. The complaint alleges sufficient facts in regard to this matter to justify the submission of the question of negligence to a trial. *Baltimore, etc., R. Co.* v. *Slaughter* (1906), 167 Ind. 330, 7 L. R. A. (N. S.) 597; *Rodgers* v. *Baltimore, etc., R. Co.* (1898), 150 Ind. 397.

Appellee suggests other objections to the complaint that might be well taken on a motion to make the complaint more specific, but which are not involved in the ruling on a demurrer for want of facts.    The court erred in sustaining the demurrer to the complaint.    Judgment reversed, with instructions to the lower court to overrule the demurrer.