## CHICAGO, R. I. & P. R. CO. v. HINE,

No. 7395—Opinion Filed June 13, 1916.

(158 Pac. 597.)

**1. Railroads—Injury to Stock—Liability of Company—Question for Jury.**

The liability of a railway company for injuries to stock in fields adjoining the right of way, caused by steam being blown on or toward such stock, is based upon lack of ordinary care under the circumstances; and, where reasonable men might differ as to the conclusion to be drawn from such circumstances, the question is one for the jury.

**2. Same—Lack of Ordinary Care.**

The mere unnecessary blowing off of steam from a railway engine in operation does not constitute in itself lack of ordinary care, but the surrounding circumstances may be such as to require the submission to the jury of the question of lack of ordinary care under the particular facts.

**3. Same—Liability of Company.**

The fact that a mule was grazing in a field adjoining the right of way and that steam was blown from the engine, and that such act was likely to frighten such mule does not authorize a recovery against the railway company for damages resulting from such act, unless the agents of the company operating said engine saw 'the mule at or about the time of such act, since there is ordinarily no duty upon a railway company to keep a lookout for such animals in the fields adjoining the right of way, and the facts of the records do not present any circumstances raising such a duty.

(Syllabus by Burford, C.)

Error from County Court, Stephens County; J. W. Marshall, Judge.

Action by J. W. Hine against the Chicago, Rock Island & Pacific Railroad Company.

Judgment for plaintiff, and defendant brings error. Reversed.

Kent Shartel and C. O. Blake, for plaintiff in error.

Womack & Brown, for defendant in error.

Opinion by BURFORD, C. The petition in this case alleged, in substance, that the plaintiff was the owner of a farm through which the defendant's right of way passed; that he was also the owner of a certain mule which was grazing near the defendant's right of way at about the time one of its trains passed; that the agents of the defendant operating said train willfully and negligently blew steam from the engine upon said mule as they were passing him, and so frightened the mule that he ran into a fence, cutting himself in such a manner that his death resulted. The defendant denied the acts of negligence and that steam was blown from the engine at that point at all. Upon these issues trial was had to the jury, and a verdict returned for the plaintiff, from which the defendant appeals.

The principal questions in this case arise upon the court's instructions. In charging the jury the court, among other instructions, gave the following:

"I charge you, gentlemen of the jury, that a railway company's authority to operate a railroad includes the right to make any noise incident to the operation of its road or the movement working of its engines, including the blowing off of steam therefrom, and it is not liable therefore for injuries, occasioned by animals taking fright at the ordinary movement, noises, or appearance of trains or cars or at other noises necessary to the operation of its road. But when the acts of the railway employees in operating its trains, cars, or other apparatus are unnecessary, negligent, or wanton, and an animal is frightened thereby, and injuries are caused to such animal, then the railway company is liable.

"I, therefore, charge you, gentlemen of the jury, that if you find by a fair preponderance of the evidence that the persons in charge of the locomotive which plaintiff alleges caused his mule to become frightened caused steam to be blown in the direction or upon said mule unnecessarily or negligently, although without any specific intent to frighten said mule, or blew it wantonly with the intent or desire of frightening said mule, then in that event the railway company would be liable for the loss of the property occasioned by such act, provided that in no event should you find for more than the alleged value of the mule in this case, to-wit, $125.00.

"However, if you fail to find by a fair preponderance of the evidence that steam was blown toward or upon said mule, or if you believe that steam was blown, then if you fail to find that the same was blown unnecessarily and not in the due course of working such locomotive machinery, and if you fail to find that it was blown intentionally with intent of frightening said mule, then I charge you that you should find for the defendant.

"You are instructed, gentlemen of the jury, that if you find by a fair preponderance of the evidence that the steam was blown in the direction of or upon the mule in question, and that at the time the act was done that it was unnecessary in the operation of such locomotive, for the persons in charge thereof, to blow off the steam as alleged, and if you further find that such blowing of steam was calculated to frighten the mule in question, and thereby cause injuries, as it is alleged the mule was injured, then I charge you that such unnecessary acts on the part of the trainsmen constitute gross negligence on their part, and that in that event the railway company would be liable to damages."

The verdict cannot be sustained upon these instructions. It is true that we will consider instructions as a whole, but where the different instructions are so conflicting that it cannot be determined upon what basis the verdict of the jury was rendered, the cause must be reversed.

Analyzing the instructions, it will be seen that in instruction 4 the court charged the jury in effect that if the blowing of the steam was unnecessary, negligent, or wanton, and the animal was thereby killed, the company was liable. In instruction 5 the court again instructed the jury that if the blowing of the steam were unnecessary or negligent, "although without any specific intent to frighten the mule," or if done "wantonly, with the intent or desire of frightening said mule," the defendant was liable. In instruction 6, however, the jury were instructed that if the steam were blown off unnecessarily, they must still find that "it was blown intentionally, with the intent of frightening said mule," before they could find for the plaintiff. In instruction 7 the court leaves out the element of negligence or wantonness, and instructs the jury that if the blowing off of the steam was unnecessary, the plaintiff could recover, provided "such blowing of steam was calculated to frighten the mule in question." The instructions are bad for several reasons: First. They are so contradictory that no definite statement of the liability of the defendant or the rights of the plaintiff can be adduced therefrom. Second. The jury is instructed in some portion of the charge that the plaintiff might recover if the blowing off of the steam was done negligently. No limitation is placed upon this term, and apparently if the jury found that the blowing off of the steam was by reason of the slightest negligence, the railway company would be

liable. This is too high a degree of care to be placed upon the defendant. Third. In some of the instructions the court seems to convey the idea that the defendant was liable merely if the blowing off of the steam was unnecessary. We think that it cannot be properly said that the mere unnecessary blowing off of the steam from a railway engine is per se lack of ordinary care. Such act might be entirely proper in the working of the locomotive and yet not absolutely necessary.

The situation here, in so far as it relates only to the duty of the railway in regard to making unnecessary noises, is not materially different from that where persons or stock are upon highways or public places contiguous or parallel to the company's right of way. In such situations as in the case at bar, the railway company is operating its train, and the plaintiff has his property, each where they had a right to be; neither is trespassing upon the other's property; each owes the other the duty to use ordinary care not to cause an injury to the other. Whether or not the unnecessary blowing off of the steam would be a lack of ordinary care must, we think, in almost every case, depend upon the particular facts, and whether or not there was a lack of ordinary care must be a question for the jury. As was said in Interstate Compress v. Arthur, 53 Okla. 212, 155 Pac. 861:

"Where the standard of duty is not fixed, but variable, and shifts with the circumstances of the case, it is incapable of being determined as a matter of law, and, where there is sufficient evidence, must be submitted to the jury to determine what it is and whether it has been complied with."

See, to the same effect, Harris v. M., K. & T. R. Co., 24 Okla., 341, 103 Pac. 758, 24 L. R. A. (N. S.) 858.

That ordinarily the question of whether or not the making of unnecessary noise constitutes lack of ordinary care must be submitted to the jury has been determined in Omaha & R. Valley Co. v. Brady, 39 Neb. 28, 57 N. W. 767; So. Ry. Co. v. Pool, 108 Ga. 809, 34 S. E. 141; Omaha & R. Valley Co. v. Clarke, 39 Neb. 65, 57 N. W. 545. And see Effinger v. Ft. Wayne & Wabash Traction Co., 175 Ind. 175, 93 N. E. 855, 33 L. R. A. (N. S.) 123, and note; Fares v. Rio Grande & Western, 28 Utah, 132, 77 Pac. 230, 3 Ann. Cas. 1065, and note; Nashville, etc., Co. v. Garth, 179 Ala. 162, 59 South. 640, 46 L. R. A. (N. S.) 430; Ft. Wayne & Cooperage v. Page, 170 Ind., 585, 84 N. E. 145, 23 L. R. A. (N. S.) 946, and note.

It has ever been held that the making of noises incident to the operation of trains may be actionable negligence if the situation is such as to render it so. I. & N.

R. Co. v. Penrod, 66 S. W. 1013, 1042, 24 Ky. Law Rep. 50; Toledo W. & W. Co. v. Harmon, 47 Ill. 298, 95 Am. Dec. 489; Williams v. C. B. & Q., 78 Neb. 695, 111 N. W. 596, 14 L. R. A. (N. S.) 1224. As was said by Mr. Justice Brewer in Culp v. A. T. & S. F. R. Co., 17 Kan. 475:

"That a party has a right to do a given act at certain times and under certain circumstances does not prove that the same act is right under all circumstances."

Some of the courts have held that before a recovery can be had for an injury resulting from an unnecessary noise in the operation of a train, such act must be wanton and willful. Stanton v. Louisville & Nashville R. Co., 91 Ala. 382, 8 South. 798. On the other hand, it has been held that if the noise be merely unnecessary, a recovery may be had. See Cox v. Ill. Cent., 142 Ky. 478, 134 S. W. 911, 32 L. R. A. (N. S.) 831; Weil v. St. L. & S. F. R. Co., 64 Ark. 535, 43 S. W. 967. Both the great weight of authority and reason, however, in our judgment, establish the proposition that the liability of a railway company in such case is based upon the failure to use ordinary care, under the particular circumstance of the case, but whether or not such ordinary care is used must, in cases where reasonable men might disagree as to the result, be left to the jury, and it is not within the province of the court to say that mere unnecessary noise constitutes lack of ordinary care, and is therefore actionable negligence.

The rule is well stated in Weller v. Lehigh Valley Ry. Co., 225 Pa. 110, 73 Atl. 1024, 24 L. R. A. (N. S.) 1202, and note, 133 Am. St. Rep. 861:

"The learned counsel for appellant rely upon a line of cases in which it has been held that the emission of steam and smoke are the necessary accompaniment of the use of locomotive engines, and that it is only in exceptional cases where negligence can be imputed to railroad companies because horses on the highway are frightened by escaping steam. As a general proposition, this may be accepted as a correct statement of the rule. It has been frequently held that the running of locomotives in the usual way, or of blowing off steam for proper purposes is not negligence. This is a sound rule, and there is no disposition to disturb it. An examination of the cases cited by appellant will show that this rule has been followed, and each case properly decided under its particular facts. We are not convinced, however, that the case at bar is ruled by any of the cases cited, or that anything said in those cases was intended to announce a principle, which will deny the right to recover under the facts here presented. The rule is want of care under the circumstances. It is true that a railroad company has ordinarily the right to the exclusive use of its tracks and right of way,

and that it enjoys the privilege of running its trains and operating its engines according to its rules and regulations for every proper purpose. At grade crossings the situation is somewhat different. The railroad company does not have the exclusive use, and the rights of the public must be considered. The railroad company, on one hand, and a traveler on the highway, on the other, each has a duty to perform respecting the rights of the other. In the present case the appellee was driving on the street where he had a right to be. He had a right to drive his team over the crossing, and it is not contended that he was negligent in the performance of any duty imposed upon him. He saw an engine standing at rest without showing any signs of moving. It extended out into the street. It was necessary for him to pass it. He attempted to do so, and just as he got in front of the engine the steam was suddenly and without warning blown off with such force as to frighten his horse and cause the injuries complained of. We think that under these circumstances it was for the jury to determine whether the railroad company in the exercise of its rights and privileges had due regard for the rights of the appellee by permitting the steam to be blown off, without any warning or notice, just as his horse passed in front of the engine."

The instructions, therefore, to the effect that the plaintiff could recover if the noise made by the engine was merely unnecessary, were not a true statement of the law applicable to the case, and constituted prejudicial error. Nor was the situation helped by the qualification of the seventh instruction, to the effect that the jury could find that the blowing of the steam was "'calculated' to frighten the mule in question." We take it that in this instruction the court used the word "calculated" in the sense of "likely to" or "probably would." We think that it is not sufficient, under the circumstances of this case, that the blowing off of the steam was unnecessary, and that when so done it was likely to injure the mule in question, but that, in order to sustain a recovery, it must have been further shown that the servants of the defendant saw the mule. Ordinarily there is no duty upon a railway company to keep a lookout for persons or animals upon highways or public places adjoining the railway company's track (Effinger v. Ft. Wayne & Wabash Valley Traction Co., 175 Ind. 175, 93 N. E. 855, 33 L. R. A. 123, and note; L. & N. R. Co. v. Harrod's Adm'r, 155 Ky. 155, 159 S. W. 685, 47 L. R. A. [N. S.] 918; Fares v. Rio Grande & W., 28 Utah, 132, 77 Pac. 230, 3 Ann. Cas. 1065, and note), or even as to animals trespassing on the track (M., K. & T. R. Co. v. Box, 48 Okla. 402, 150 Pac. 111, and cases cited).

It has been held, and we can readily perceive that it might be true, that there are cases in which the circumstances might raise a duty on behalf of the railway company to keep a lookout for such person or animal, but in such cases, the standard of duty being variable, the question of whether or not there was lack of ordinary care would be for the jury, but no adjudicated case, so far as we have been able to discover, places upon the railway company a duty to keep a lookout for mules grazing in the fields adjacent to their right of way, and we are not disposed to place upon them that duty, in the absence of some very extraordinary circumstances. See Buckman v. M., K. & T. R. Co., 83 Mo. App. 129. These circumstances do not appear in this record, and we think there is no room for our difference of opinion upon the matter. The mule was in a fenced field, and in a country where presumably the herd law is in force. The public safety requires that the attention of engineers and firemen should be fixed upon the operation of the trains under their charge, and upon the track ahead of them, in order to insure both the safety of the passengers and of persons or animals upon the tracks, rather than that such operators should gaze about over the nearby fields. We are not to be understood as holding that the engineer or fireman did not see this mule, or that the circumstances might not show that they did, in spite of their positive testimony to the contrary, but we do hold that upon a retrial the jury should find that fact, if true, as a necessary element of plaintiff's recovery.

For the reasons given, the cause is reversed for further proceedings not inconsistent with this opinion.

By the Court: It is so ordered.