Harriet Farley, Appellant, *v.* Joseph S. Harris, Edward M. Paxson and John Lowber Welsh, Receivers of the Philadelphia & Reading Railroad Company.

*Negligence—Railroads—Blowing whistle under street bridge.*

It is not negligence per se to blow a locomotive whistle under a bridge which carries a street over a railroad.

In an action against a railroad company to recover damages for the death of plaintiff's husband, a nonsuit is properly entered where it appears that the deceased was driving a team of horses over a bridge across a railroad in a city, and that a locomotive whistle was sounded immediately under the bridge when the deceased was upon it causing his horses to frighten and run away; there being no evidence that the whistle was not sounded for a proper purpose.

The rule applicable to grade crossings, that it is negligence in the railroad company not to give warning on approaching them, has no application to under and over crossings of streets in a city.

Argued Jan. 11, 1898. Appeal, No. 251, Jan. T., 1897, by plaintiff, from order of C. P. No. 1, Phila. County, June T., 1894, No. 366, refusing to take off nonsuit. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband. The facts appear by the opinion of the Supreme Court.

*Error assigned* was in refusing to take off nonsuit.

*A. S. Ashbridge, Jr.,* for appellant, cited P., W. & B. R. R. Co. v. Stinger, 78 Pa. 225; P. & R. R. R. Co. v. Killips, 88 Pa. 405.

*Gavin W. Hart,* for appellee, cited Stinger v. R. R., 78 Pa. 219.

OPINION BY MR. JUSTICE DEAN, July 21, 1898:

Second street in the city of Philadelphia crosses the defendants' railroad track by an overhead bridge, the floor of the bridge being about eight feet from the roof of the ordinary freight car. The bridge is an open iron one, about one hundred and fifty feet in length. On the afternoon of August 20, 1894, the plaintiff's husband, James C. Farley, was driving a two-horse garbage wagon across the bridge, when his horses took fright at the whistle of a locomotive on the railroad below, and ran away; Farley was thrown out and so seriously injured that he died. The plaintiff, alleging negligence on part of the railroad company in blowing the whistle when the locomotive was immediately under and Farley on the bridge, instead of giving warning of the approach of the train to the bridge before reaching it, brought suit for damages. On the trial in the court below, the plaintiff gave evidence tending to prove that the whistle was sounded when the train was under the bridge, and that it was not heard, if blown, on approaching. There was no other evidence of negligence on part of defendants. The learned trial judge directed a nonsuit, which he afterwards refused to take off, and plaintiff appeals, assigning for error the refusal of the court to submit the evidence of defendants' negligence to the jury.

On the evidence, would the jury have been warranted in finding negligence? Farley was on the bridge with his team; the locomotive was under it, and the jury would have been warranted in presuming that the engineer knew Farley was above him when he blew the whistle. But he had a right to blow the

whistle under such circumstances, for a proper purpose. If there was danger either to himself or another ahead of him, or to both, the only warning he could give was by the whistle. Probable collision with another train; the setting of a switch; a stranger or employee on the track; and other circumstances, would have prompted the warning, and in such case he would have been bound to give it. It would have been clearly negligence to omit it, for relatively, the danger of fright to horses on the bridge was far less than injury to himself or others on the track. It was not negligence per se to blow the whistle under the bridge; it could only have been so because needlessly blown at a conjuncture which made it dangerous to the traveler above him. An act in itself lawful, and which may have been prompted by the exercise of care, yet which incidentally results in injury to another, does not justify an inference of negligence. To hold otherwise would cast on every steam railroad and factory the burden of proving in every case where a horse was startled by a steam whistle, that the use of it at that particular juncture was not negligent, but for a proper purpose; thus, in effect, raising a presumption of negligence against a defendant from the mere use of an entirely lawful appliance. Concede, as we do concede, in all its force, the principle that an act in itself lawful may be negligently performed, nevertheless, if negligent performance be averred, it must be proved. It will not be presumed from the mere fact of injury to another. Here, there was no evidence whatever of the negligent performance of the lawful act of blowing the steam whistle.

As to the averment of negligence, in not whistling before to give warning on approaching the bridge, the evidence is of the weakest kind. Three children who had no reason to listen for such a sound testified that they did not hear it. But, assume that it was not blown, the plaintiff clearly proved that the fright of the horses was caused solely by the blowing of the whistle when Farley was in the middle of the bridge. Plaintiff's own argument is that the approach of the train was so noiseless that Farley did not notice it until it was almost beneath him. There was no evidence that any danger was to be apprehended from such ordinary movement. The rule applicable to grade crossings, that it is negligence in the railroad company not to give warning on approaching them, has no application to under and

over-crossings at every street crossing in a city.   In fact, as is well known, such crossings are constructed on the theory that by adopting them travel is unobstructed, and danger to travelers on parallel and crossing streets is lessened by the absence of the almost constant screams of steam whistles necessary to give warning at grade crossings.   If we hold that it is negligence in the railroad company not to give the usual warning on approaching under and over-crossings, then we must also hold that it is negligence in the traveler not to stop, look and listen for the train.   It is not pretended Farley took this precaution.   He did not do so, probably, because he had no reason to apprehend danger, or if danger, one so remote that care did not require him to guard against it.

The cases cited by appellant, Railroad Co. v. Barnett, 59 Pa. 259, Railroad Co. v. Stinger, 78 Pa. 225 and Railroad Co. v. Killips, 88 Pa. 405, are all applicable to a different state of facts than presented here.   Our decision is based solely on the circumstance of an accident at a properly constructed overhead bridge at one of the many street crossings of a steam railroad in a city.

The assignments of error are overruled, and the judgment is affirmed.

---

186  443
190  175

186        443
21 SC  ² 87

186      443
f 31 SC ²526

186        443
f 36 SC ²358