and offered to return same; (10) that such tender was rejected and refused by the plaintiff; and (11) defendant further set up a counter-claim for the loss resulting from the alleged breach of the contract on the part of the plaintiff.

The lower court discharged plaintiffs' rule for judgment for want of a sufficient affidavit of defense. Plaintiffs appealed.

*Error assigned,* among others, was in discharging plaintiffs' rule for judgment for want of a sufficient affidavit of defense.

*Arthur F. Schneider,* for appellants.

*I. G. Gordon Forster,* with him *Rowland C. Evans,* for appellees.

Per Curiam, January 29, 1917:

We think the facts averred in the affidavit of defense are sufficient to send the case to a jury, and, therefore, the rule for judgment for want of a sufficient affidavit of defense was properly discharged.

Judgment affirmed.

---

## Servis et al. *v.* Philadelphia, Newtown & New York Railroad Company, Appellant.

*Railroads—Engines—Escaping steam—Horses — Fright — Contributory negligence—Case for jury.*

In an action against a railroad company to recover damages for personal injuries sustained by the driver of a wagon as a result of his horses being frightened by steam escaping over a public highway from a locomotive it appeared that defendant's railroad tracks and the street were on the same level and not separated by a fence or guard; that steam was permitted to escape from the locomotive, over the roadway, in an unusual quantity; that when the engine

was 150 feet distant, plaintiff's horses, which were approaching from the opposite direction, shied and pranced in fright; that the engineer continued to permit the steam to escape, and when the locomotive reached the horses they backed into the train and plaintiff was thrown under the wheels and sustained the injuries complained of; and it further appeared that plaintiff's horses were usually quiet, and were accustomed to working around a steam shovel when the steam was being discharged, that plaintiff was just past sixteen years of age and had been driving for over a year; the trial judge submitted to the jury defendant's negligence and whether the employment of plaintiff was contributory negligence. *Held,* the case was properly submitted to the jury.

Argued Jan. 12, 1917. Appeals, Nos. 168 and 169, Jan. T., 1916, by defendant, from judgment of C. P. No. 4, Philadelphia Co., March T., 1915, No. 1660, on verdict for plaintiffs in case of John Servis, Jr., by his father and next friend, John Servis, and said John Servis, in his own right, v. Philadelphia, Newtown & New York Railroad Company. Before MESTREZAT, POTTER, STEWART, MOSCHZISKER and FRAZER, JJ. Affirmed.

Trespass for personal injuries.

The facts appear from the following opinion by CARR, J.:

This suit was brought by John Servis, Jr., and his father to recover for damages resulting from an accident to the junior plaintiff on Second street pike, near Hunting Park avenue, in this city, on July 22, 1914, at about seven o'clock in the morning. The boy was driving a two horse team north on Second street pike, and was thrown under a south bound train of the defendant company, and as a result his leg was crushed and amputated, and the verdict was $5,000 for him and $1,250 for the father. The plaintiffs claim that the escape of steam was permitted in such an unusual, unnecessary and extraordinary quantity that it frightened the horses and they ran off and the driver was hurt.

Upon the motion for judgment n. o. v. the defendant claims that the plaintiffs have failed to prove negligence. The steam was permitted to escape by the engineer who

was seated in the cab from which he opened the pet cocks by means of a lever. The pet cocks are on the bottom of the cylinder to let water out, and as the cocks are opened there is an appearance and sound of escaping steam. Where the accident occurred is a single track railroad and the Second street pike is on a level with the railroad track from which it is not separated by a fence or other guard. The accident happened near the crossing of the Hunting Park avenue bridge over the railroad. The engineer, who was called on behalf of the plaintiffs, stated that the circumstances in which in that type of engine the cylinder cocks would be opened was "only like leaving the engine house to relieve the condensation caused by the steam, to leave the water out"; otherwise "it is very apt to blow the cylinder heads out either forward or backward." No testimony was offered by the defendant.

The Second street pike is and at that time was a public thoroughfare. The two horses driven by the junior plaintiff were attached to a dump wagon which was empty and they were of a quiet disposition. The train consisted of two cars and an engine with the engine running backwards and moving south toward the team. There is an unobstructed view along both the highway and the railroad track. The steam which was allowed to escape made a hissing sound and extended three to five feet over the roadway. When the engine was about 150 feet from the team the horses began to shy and prance. This fact is testified to by two of the plaintiffs' witnesses, and as the train approached the plaintiff's horses and wagon the steam was permitted to continue to escape. As the engineer was opposite the horses they swerved suddenly to the right and then to the left and then backed into the train and the injury to the junior plaintiff resulted, and immediately after the collision and the shutting off of the steam from the pistons the horses stood quiet and tractable.

The record discloses the fact that the engineer per-

mitted an emission of an unusual quantity of steam from the pistons at a time when it approached a team of horses moving in an opposite direction on a road parallel to the railroad track and unguarded and when their excited and frightened condition was plainly apparent. This fact required the submission of the case to the jury. The emission of the steam was under the engineer's control, and if he had closed the cocks as he approached the frightened horses the accident would have been avoided.

This is the controlling fact which required the submission of the case to the jury. The burden was upon the plaintiff to prove negligence and there was no presumption of negligence on the part of the defendant. The burden was upon the plaintiffs to show that the emission of steam at that time and place was due to some negligence on the part of the engineer, and the fact that the engine was distant from the engine house and was approaching horses which were in plain view and evidently frightened is sufficient evidence to permit the jury to find that the defendant was responsible in law for the damages which resulted. The opening of the pet cocks was a lawful act and was at times a necessary incident to the use of steam, and therefore not of itself unlawful; but whether the act of the engineer at the time and place of the accident was that of a reasonably prudent man or was under the circumstances negligent was for the jury to decide. This view of the matter is supported by many cases in which horses have been frightened by the escape of steam or by the sound of whistles: Farley v. Harris et al., 186 Pa. 440; Webb v. Philadelphia & Reading Ry. Co., 202 Pa. 511; Lapsley v. Pittsburgh Rys. Co., 243 Pa. 167; Penna. R. R. Co. v. Horst, 110 Pa. 226; Mendenhall v. Philadelphia, Wilmington & Balto. R. R. Co., 202 Pa. 427; Philadelphia & Reading R. R. Co. v. Killips, 88 Pa. 405; Hanlon v. Philadelphia & West Chester Turnpike Road Co., 182 Pa. 115; Penna. R. R. Co. v. Barnett, 59 Pa. 259; Philadelphia, Wilmington & Balto.

Opinion of Court below—Opinion of the Court. [256 Pa.

R. R. Co. v. Stinger, 78 Pa. 219; Webb v. Philadelphia & Reading Ry. Co., 202 Pa. 511.

The question of contributory negligence was also for the jury. The junior plaintiff had worked the horses under a steam shovel for about five days at Front and Allegheny avenue, and had known them for a week and two days, and not only drove them in the day time but stabled them and unharnessed them at night, and had been driving a team of two horses for a year or a year and a half. He stated that the horses were good and quiet, and that when he was working them around the steam shovel the steam was coming out but they did not frighten. He was sixteen years of age in May of that year, and the accident happened in July, and whether it was contributory negligence in the employment was for the jury and depended upon their consideration of the boy's experience, height, weight and physical condition and the other facts and circumstances of the case.

Verdict for John Servis, Jr., for $5,000, for John Servis, the father, for $1,250 and judgment thereon. Defendant appealed.

*Errors assigned,* among others, were in dismissing defendant's motions for judgment n. o. v., and for a new trial.

*Wm. Clarke Mason,* for appellant.

*Maurice V. Daniels,* for appellee.

PER CURIAM, January 29, 1917:

The judgments in these cases are affirmed on the opinion of the learned court below dismissing the motions for a new trial and for judgment for defendant non obstante veredicto.