## Wickkiser v. Lehigh & Hudson River Railway Company.

*Negligence—Personal injuries—Railroads—Horses frightened by escaping steam.*

A railroad company is not liable for injuries sustained in a runaway caused by horses being frightened by escaping steam from a locomotive, in the absence of evidence that the escape of the steam was within the control of the engineer or that it was due to a faulty construction or condition of the locomotive.

Motion for judgment *non obstante veredicto.*   C. P. No. 5, Phila. Co., Sept. T., 1922, No. 6710.

*J. J. McDevitt, Jr.,* for plaintiff;   *W. J. Turner,* for defendant.

HENRY, P. J., 52nd judicial district, specially presiding, Feb. 20, 1924.—The plaintiff brought this action to recover damages for injuries suffered by being thrown from a runaway team, claimed to have been caused by the negligent action of the defendant in permitting steam to escape from its locomotive at the station at Phillipsburg, New Jersey.   The jury returned a verdict in favor of the plaintiff for $3750.   The defendant has moved for judgment *non obstante veredicto.*

The plaintiff was an employee of an express company, and, as such, was delivering and receiving goods from the train to which the engine in question
4 D. & C.

was attached. According to the plaintiff's testimony, his horse was standing within five feet of the engine, untied, and after performing his duties, he was about stepping into his wagon when the engine suddenly emitted a large volume of steam, which enveloped him and the horse, causing the horse to run away, resulting in the injuries for which he is claiming damages.

The only evidence suggesting negligence upon the part of the defendant was that the plaintiff had never seen steam emitted in this way during the year in which he had been meeting this train, and that, as the steam was escaping, he called to the engineer, who merely laughed. The evidence for the defence was to the effect that the engine was not near the horse, but that it was at the other end of the train; that the engineer never saw the plaintiff or his team; that there was nothing unusual in the action of the engine on the day in question; and that the horse had been feeding and the bit had not been replaced in the horse's mouth by the plaintiff when the runaway occurred. There was no evidence that the escaping steam was due to any defective condition of the engine; that it was unusual or negligent for steam to escape from an engine, or that escaping steam is within the control of an engineer. The testimony of the plaintiff established neither defective equipment, nor negligent operation, but only a something occurring which was unusual within the experience of the plaintiff himself. We fail to see any evidence of negligence in this case, and, in the absence of such negligence, the verdict cannot stand.

The plaintiff placed some dependence upon decisions in cases of steam escaping from engines upon or near public roads. There is a marked difference between the unusual steam-engine upon a road customarily used for public travel by teams and the same engine on the tracks of a steam railway, and the effect of the customary use of such steam railway upon persons driving teams upon streets and premises adjoining. This distinction has been recognized by our appellate courts.

In Weller v. Lehigh Valley R. R. Co., 225 Pa. 110, 112, Mr. Justice Elkin says: "The emission of steam and smoke are the necessary accompaniment of use of locomotive engines, and it is only in exceptional cases where negligence can be imputed to railroad companies because horses on the highway are frightened by escaping steam. It has been frequently held that the running of locomotives in the usual method, or the blowing off steam for proper purposes, is not negligence."

Again, in Vansant v. McMenamy, 41 Pa. Superior Ct. 509, 514, in commenting upon Drayton v. North Penn. R. R. Co., 10 W. N. C. 55, it was recognized that where "there was nothing to show that the locomotive was in a place where the defendant had no right to have it, nor was there anything unusual in the escape of the steam," there could be no recovery.

In the Vansant v. McMenany case the decisions of the Pennsylvania courts, as well as those of other states, bearing upon the liability in cases of escaping steam are carefully considered, and the distinction noted between cases of steam escaping from a locomotive on a steam railway and steam escaping from an engine upon public highways used by teams.

In the case of Servis v. Philadelphia, Newtown & New York R. R. Co., 256 Pa. 372, in which a recovery for escaping steam was permitted, the evidence was to the effect that "the emission of steam was under the engineer's control, and if he had closed the cocks as he approached the frightened horses, the accident would have been avoided."

Some reliance is placed by the plaintiff upon the early case of Railroad Co. v. Barnett, 59 Pa. 259, in which a recovery was permitted for the blowing of a

locomotive whistle under a bridge over which the plaintiff was driving. In the later case of Farley v. Harris, 186 Pa. 440, it was held that it was not negligence, *per se*, to blow a locomotive whistle under a bridge which carries a street over a railroad, there being no evidence that the whistle was not sounded for a proper purpose, and a non-suit was properly granted.

We find no authority for the position that a railroad company is liable for horses being frightened by escaping steam, in the absence of showing that the escape of the steam was within the control of the engineer, or that it was due to a faulty construction or condition of the locomotive.

And now, to wit, Feb. 20, 1924, judgment *non obstante veredicto* upon the whole record is hereby entered in favor of the defendant. An exception to this action is hereby entered for the plaintiff.