WATTS, ADMINISTRATOR v. THE CHICAGO AND EASTERN ILLINOIS RAILROAD COMPANY.

[No. 8,085. Filed February 4, 1914. Rehearing denied October 6, 1915. Transfer denied February 17, 1916.]

1. APPEAL.—*Review.*—*Instructions.*—*Conflict.*—An instruction that if defendant violated an ordinance by running the train which killed plaintiff's decedent at an excessive rate of speed, and if such excessive speed was the proximate cause of decedent's death, the verdict should be for plaintiff, and' one stating that the mere running of a train in excess of the speed allowed by municipal ordinance is not actionable negligence in favor of a trespasser, and that if plaintiff's decedent was a trespasser, and the defendant's only negligence was in running the train at a speed in excess of that allowed by ordinance, the verdict should be for defendant, were inconsistent with each other and the giving of same was error. p. 53.

2. RAILROADS.—*Injuries to Persons on Track.*—*Evidence.*—*Instructions.*—In an action to recover for the death of one who was run down by a train, where the question of whether decedent was on a public street at the time of receiving his injury was a controverted fact on which evidence was heard, an instruction stating that "it does not appear that decedent was upon any street or highway, or any crossing or place where he had a right to be", was erroneous as invading the province of the jury. p. 54.

3. RAILROADS.—*Injuries to Persons on Tracks.*—*Last Clear Chance.*—*Instructions.*—In an action for the death of a person who was struck by a train under circumstances making the doctrine of last clear chance applicable, instructions, though correctly stating the general duty of defendant toward trespassers, but omitting the last clear chance rule, were erroneous. p. 55.

4. RAILROADS.—*Injuries to Persons on Track.*—*Duty to Trespassers.*—*Instructions.*—*Last Clear Chance.*—An instruction that the jury was not to consider what some other engineer might have done with the train which killed plaintiff's decedent as the railroad company owed no duty to a trespasser to man its engine with skilful engineers, that defendant was only bound by the acts of the engineer after he had discovered the decedent and appreciated his danger, and that if, after such discovery, the engineer used reasonable care and diligence to stop the train the plaintiff could not recover, was erroneous in stating that defendant owed no duty to decedent until it knew and appreciated the danger of decedent. p. 55.

5. RAILROADS.—*Duty to Trespassers.*—*Last Clear Chance.*—While a railroad company would not be liable for the death of a trespasser run down by one of its trains merely from the fact that such train was at the time being run at a speed in excess of that provided by a city ordinance, it is the duty of the engineer on discovering an object on the track ahead of his train to use reasonable care to ascertain what it is, and there may be a liability if the facts warrant an application of the doctrine of last clear chance. (*Dull* v. *Cleveland, etc., R. Co.* [1898], 21 Ind. App. 571, overruled.) p. 55.

6. APPEAL.—*Review.*—*Instructions.*—*Answers to Interrogatories.*—The court on appeal can not say that erroneous instructions are harmless in view of the jury's answers to interrogatories, where it does not appear that the interrogatories would not have been differently answered had proper instructions been given. p. 58.

7. APPEAL.—*Review.*—*Instructions.*—*Record.*—Where certain instructions were lost, and the trial court by order duly entered of record permitted a substitution of such lost instructions, and no error or omission was pointed out in the instructions thus embodied in the record, the action of the trial court was not an abuse of discretion, and appellant's objection that the instructions are not all in the record can not prevail. p. 58.

From Benton Circuit Court; *James T. Saunderson,* Judge.

Action by Millard Watts, as administrator of the estate of Philander Clawson, deceased, against The Chicago and Eastern Illinois Railroad Company. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*J. Wesley Whicker* and *Charles R. Milford,* for appellant.

*Homer T. Dick* and *Charles W. Snyder,* for appellee.

NOVEMBER TERM, 1915. 53

Watts *v.* Chicago, etc. R. Co.—61 Ind. App. 51.

SHEA, J.—This action was brought by appellant as administrator of the estate of Philander Clawson, deceased, against appellee to recover damages on account of decedent's death caused by the locomotive and cars of appellee. Briefly, the facts appearing from the complaint are that on April 11, 1908, between four and five o'clock p. m., decedent was walking on and along the track of appellee, within the city limits of the city of Attica, Fountain County, Indiana, and at that time was in an intoxicated condition. He had walked to a point near the southerly corporation limit of said city, when he fell down or lay down on appellee's track between the rails, and was unable to arise and get away from such dangerous place. While lying there a passenger train of appellee going south ran over him and killed him. Decedent was a strong, able-bodied man, forty-nine years old, capable of earning three dollars per day, and left surviving him his widow and five children, the oldest eleven years, for whose benefit appellant brought this action. A trial of the issues submitted to the jury resulted in a verdict and judgment for appellee, railroad company, and against appellant for costs. The only error assigned is the overruling of appellant's motion for a new trial. The alleged causes therein set out are based wholly on the instructions given in the cause, to which proper exceptions were saved.

It is contended first on behalf of appellant that there is a clear conflict between that part of instruction No. 14 given by the court at appellant's request reading as follows: "Hence if you find from the evidence in this cause that the defendant violated said ordinance by running the train which killed said Clawson, at a rate of speed faster than ten (10) miles per hour, within the corporate limits of said city, and find that that

excessive speed was the proximate cause of the killing of said Clawson, then your verdict should be for the plaintiff in such an amount as you deem to have been proved by the evidence", and instruction No. 11, given at the request of appellee, which reads as follows: "The mere running of a train at a rate of speed in excess of that limited by a municipal ordinance is not actionable negligence in favor of a trespasser, and if, in this case you find that plaintiff's decedent was a trespasser, and if you further find that the only negligent act of the defendant, its officers, agents and servants was the running of its train through the city of Attica at a higher rate of speed than was permitted by its ordinance then your verdict should be for the defendant." These two instructions are clearly in conflict, and could have no other result than to be confusing, as the principle was one of vital import to the jury in considering the evidence in the case, and could not be held to be harmless. Instruction No. 14 given at the request of appellee is criticised because of the following language: "It does not appear that 2. decedent was upon any street or highway or any crossing, or place where he had the right to be." The question whether decedent was upon a public street at the time of his injury and death was one of the controverted facts in the case, and for that reason it is insisted that the court invaded the province of the jury in using the language above quoted. An examination of the record discloses that appellant's contention in this respect is true; that this was one of the controverted questions, evidence was heard, and the jury was instructed upon this point, so it is clear that the court invaded the province of the jury, and the instruction is erroneous.

Instruction No. 32 given at the request of appellee

is subject to criticism as it omits the doctrine of
last clear chance which has been approved by
3. our courts. *Indianapolis Traction, etc., Co.*
v. *Croly* (1913), 54 Ind. App. 566, 96 N. E.
973 ,98 N.E. 1091; *Evansville, etc., Traction Co.* v.
*Johnson* (1913), 54 Ind. App. 601, 97 N. E. 176.
Instruction No. 12 tendered by appellee is
4. subject to the same criticism. Instructions Nos.
16, 17 and 21 given at appellee's request omit
also to point out clearly to the jury the duty
5. of appellee's servants in charge of said engine
to use reasonable care to keep a lookout
ahead for danger when an object is discovered up-
on the track. Instruction No. 21 reads as follows:
"You are not to consider what some other engineer
might have done with the train which killed Phil-
ander Clawson as the railroad company owed
no duty to a trespasser to man its engine with skill-
ful engineers. The defendant is only bound by the
acts of the engineer after the engineer discovered
Philander Clawson and appreciated his danger, and
if you find that after such discovery the engineer
used reasonable care and diligent efforts to stop the
train, then I instruct you that the defendant has
done all the law requires it to do and the plaintiff
would not be entitled to recover." It is in evidence
that some space of time elapsed between the time the
engineer saw an object on the track and his discovery
that it was a man. Taken altogether, the instruc-
tions impress the court as having been entirely too
favorable to appellee in this case. It is true that in
our State the rule as laid down in instruction No. 11
set out above is held to be a correct rule. *Welty*
v. *Indianapolis, etc. R. Co.* (1886), 105 Ind.
55, 4 N. E. 410; *Woods* v. *Board, etc.* (1891),
128 Ind. 289, 27 N. E. 611; *Terre Haute.*

etc., R. Co. v. Graham (1884), 95 Ind. 286, 48 Am. Rep. 719. It is, however, tempered by the doctrine of last clear chance, where that doctrine has proper application, to such an extent that it can not be said that it is rigidly adhered to in all cases, even as against a trespasser. In many jurisdictions it is held to be negligence not to discover the peril of the trespasser when the exercise of ordinary care would have caused the peril to be discovered, and consequent injury avoided. Morris v. Chicago, etc., R. Co. (1876), 45 Iowa 29; Grand Trunk R. Co. v. Ives (1892), 144 U. S. 408, 428, 430, 12 Sup. Ct. 679, 36 L. Ed. 485; Dunkman v. Wabash, etc., Co. (1888), 95 Mo. 232, 4 S. W. 670; Pickett v. Wilmington, etc., R. Co. (1895), 117 N. C. 616, 23 S. E. 264, 53 Am. St. 611, 30 L. R. A. 257; Purinton v. Maine Cent. R. Co. (1887), 78 Me. 569, 7 Atl. 707; Donohue v. St. Louis, etc., R. Co. (1886), 91 Mo. 357, 2 S. W. 424, 3 S. W. 848; 7 Am. and Eng. Ency. Law (2d ed.) 387; Bullock v. Wilmington, etc., R. Co. (1890), 105 N. C. 180, 10 S. E. 988; Crawford v. Southern R. Co. (1899), 106 Ga. 870, 33 S. E. 826; Barker v. Savage (1871), 45 N. Y. 191, 194, 6 Am. Rep. 66; Northern Cent. R. Co. v. State, ex rel. (1868), 29 Md. 420, 438, 96 Am. Dec. 545; Cawfield v. Ashville St. R. Co. (1892), 111 N. C. 597, 600, 16 S. E. 703; Scoville v. Hannibal, etc., R. Co. (1884), 81 Mo. 434, 440. It was the duty of the engineer when he discovered an object which he was approaching upon the track, which might have been an infant or a person in a helpless state of intoxication, to use reasonable care to ascertain what that object was. Whether he used such reasonable care was a question of fact to be determined by the jury, hence the instructions given by the court, that appellee owed no duty to appellant's decedent until it knew and appreciated the danger of such decedent, were erroneous. This is a

wholesome principle which has received the sanction of text-book writers and many decided cases. In 2 Shearman & Redfield, Negligence (6th ed.) §483, the learned author uses this language: "It has been held if the engineer becomes aware of anything lying upon or dangerously near the track, which may possibly be a human being or a valuable animal, he is bound to check the speed of his train, so as to enable him to stop in time to avoid injury; and if injury ensues from his neglect to do this, his sincere belief that the object was worthless is no defence." In 1 Thompson, Negligence §232, the following language is found: "The rule that where the person or the animal happens to be in the position of a trespasser on the railroad track, the railway company owes them no duty of discovering them and averting injury to them, and owes no duty to them after discovering their exposed position, except not wantonly to run them down as trespassers —is found in the expressions of some courts. It is a disgrace to any civilized system of jurisprudence." In the case of *Baker* v. *Wilmington, etc., R. Co.* (1896), 118 N. C. 1015, 1020, 24 S. E. 415, the court uses this language: "A glance at the case of *Pickett* v. *Wilmington, etc., R. Co., supra*, must satisfy any one that the opinion, like that in *Deans* v. *Wilmington, etc., R. Co.* [1890], 107 N. C. 686 [12 S. E. 77, 22 Am. St. 902], and in *Clark* v. *Wilmington, etc., R. Co.* [1891], 109 N. C. 430 [14 S. E. 43, 14 L. R. A. 749], is founded upon the assumption that any one who exposes himself to danger by going on a trestle or lying down upon the track to sleep, whether drunk or sober, is guilty of negligence. But that negligence is not deemed the proximate cause of an injury received, where the engineer, by discharging the duty of watchfulness plainly imposed upon him by repeated rulings in this State,

could subsequently have saved the party from all harm. * * * The court did hold in Pickett's case that, notwithstanding such negligence on the part of a careless boy or a drunken man, an engineer was not thereby licensed to kill him, but was to keep the same outlook for his safety as for that of a cow or a hog". *Bourrett* v. *Chicago, etc., R. Co.* (1909), 121 N. W. (Iowa) 380; *Inland, etc., Coasting Co.* v. *Tolson* (1891), 139 U. S. 551, 559, 11 Sup. Ct. 653, 35 L. Ed. 270; 2 Thompson, Negligence (1880 ed.) 1174, §22. In so far as the case of *Dull* v. *Cleveland, etc., R. Co.* (1899), 21 Ind. App. 571, 52 N. E. 1013, is in conflict with the doctrine herein announced, it is expressly overruled. Instruction No. 21 above set out was erroneous. Instructions Nos. 16 and 17, in so far as they state the same principle, are also erroneous.

Appellee very earnestly insists that in spite of the erroneous instructions, the answers to interrogatories in this case show the correct conclusion

6. was reached. This court is not able to say that the interrogatories would have been answered as they were if proper instructions had been given, therefore we can not say that the instructions were harmless. Appellee also urges that the in-

7. structions are not all in the record, and therefore any errors committed in the instructions given as shown by the record, may have been withdrawn or corrected by said omitted instructions. It is disclosed that instructions Nos. 18, 19, 20 and 22 tendered by appellant were lost, and could not be found after diligent search by the attorneys. Attorneys for appellant then offered to substitute said lost instructions by those which appear in the record. The court by order duly entered of record permitted this to be done. We can not say that this was an abuse of the court's discretion, in view of the

fact that no error or omission is pointed out in the instructions thus embodied in the record.

Judgment reversed, with instructions to grant appellant's motion for a new trial and for other proceedings not inconsistent with this opinion.

NOTE.—Reported in 104 N. E. 42. As to invasion by court of the province of the jury, see 14 Am. St. 36. On the railroad company's duty to avoid injury to persons in helpless position on track, see 25 L. R. A. 790; 69 L. R. A. 513. As to the duty of trainmen, on perceiving object the character of which is unknown, but which in fact is a trespasser helpless on track, see 2 L. R. A. (N. S.) 498. For the doctrine of last clear chance, in case of undiscovered persons, see 55 L. R. A. 424; 36 L. R. A. (N. S.) 957. As to whether wantonness or wilfulness, precluding defense of contributory negligence, may be predicated on omission of a duty before discovery of a person in peril on a railroad track, see 21 L. R. A. (N. S.) 427. As to the liability of a railroad, running a train in violation of a speed law, for injuries to trespassers, see 5 Ann. Cas. 1007. See, also, under (1) 38 Cyc 1604; (2) 33 Cyc 913; 38 Cyc 1672; (3) 33 Cyc 910, 915; (4) 33 Cyc 910; (5) 33 Cyc 795, 797, 854; (6) 38 Cyc 1811; (7) 2 Cyc 1076.