## SOUTHERN RAILWAY COMPANY ET AL. *v.* WAHL.

### [No. 25,048. Filed October 16, 1925.]

1. RAILROADS.—*Railroad owes no duty to keep lookout for trespassers lying on track.*—A railroad company does not owe any duty to a trespasser lying on its track to keep a lookout ahead for the purpose of discovering him in time to stop the train before reaching him nor to run the train slowly enough and under such control that it could be stopped if his presence was discovered. p. 585.

2. RAILROADS.—*Complaint held sufficient as alleging liability under doctrine of "last clear chance," notwithstanding plaintiff's contributory negligence.*—A complaint alleging that plaintiff, while walking upon the main track, at a distance from any station, stumbled and fell across the rails, and was stunned and rendered unconscious and helpless, that while he was lying stunned and helpless on the track, both the engineer and fireman of an approaching train saw the plaintiff lying on said track during all of the time and distance of running one-fourth mile, and saw the helpless condition of plaintiff and his imminent peril in ample time to have prevented his injury, but negligently ran the engine over him, is sufficient under the doctrine of "last clear chance," notwithstanding his own negligence had put him in the perilous situation. p. 585.

3. RAILROADS.—*Complaint held sufficient as alleging wilful and intentional injury to plaintiff.*—A complaint against a railroad company which showed that plaintiff, while walking along the main track of the railroad, stumbled and fell across the track and lay there helpless and unconscious, that defendant's employees in charge of an approaching locomotive and train saw the plaintiff lying stunned and helpless on the track and realized his imminent peril in time to have stopped the engine and prevented his injury, but, instead of doing so, wilfully, wantonly, intentionally and purposely, and with the intent to run said engine against, upon and over the plaintiff, run said engine against, upon and over the plaintiff," sufficiently alleged wilful and intentional injuring the plaintiff. p. 586.

4. RAILROADS.—*Railroad owes trespasser duty of not injuring him intentionally, even though his own negligence brought him into perilous situation.*—A railroad company owes a trespasser on its tracks the duty of not injuring him intentionally, even though his own negligence had brought him into a perilous situation. p. 586.

5. RAILROADS.—*Complaint based on engineer's duty to slow down train and keep lookout for object seen on track to ascertain whether it was human being, and to stop train if it proved to*

*be so, insufficient on demurrer and not aided by allegations that it was engineer's duty to keep lookout, as they were merely conclusions.*—A paragraph of complaint alleging that the engineer and fireman in charge of a train discovered an object lying on the track 400 yards ahead of engine, in plain view from the approaching train, that said object really was the plaintiff, and that the engineer, "in the exercise of ordinary care should have realized the helpless condition of plaintiff, and his imminent peril and danger, in time to have stopped said engine and avoided running against and upon plaintiff," but negligently failed to check the speed of the engine and get it under control in approaching the object so that he might stop it in time to avoid running over said object if it were ascertained to be a human being, and negligently continued to run it toward and to the plaintiff without checking its speed, and negligently ran it against and over plaintiff and injured him, was insufficient on demurrer, and was not aided by averments that it was the duty of the engineer to keep a lookout ahead to discover plaintiff on the track and to check the speed of the engine until he could ascertain what the object was lying on the track, as such averments merely stated conclusions of the pleader. p. 587.

6.  RAILROADS.—*Trespasser on tracks cannot recover for injuries received because of negligence of engineer when his own negligence contributed to injury.*—A trespasser on the track of a railroad cannot recover for injuries received because of the negligence of an engineer in charge of a train not keeping a lookout ahead so as to discover his presence on the track when his own negligence in going on the track in front of the approaching train directly contributed to his injury. p. 587.

7.  RAILROADS.—*Law does not limit speed of railroad train in country between stations, in absence of knowledge of trainmen that injury may result.*—The law does not limit the speed at which a railroad train may be run over a private right of way in the country between stations, in the absence of knowledge on the part of the trainmen that speed will cause damage to the person or property of others. p. 587.

8.  NEGLIGENCE.—*Essential element of cause of action under doctrine of "last clear chance" stated.*—An essential element of a cause of action for injuries resulting from negligence, to which plaintiff admits his own negligence contributed, is that the defendant must have had actual knowledge of the danger to which the plaintiff was exposed and of the necessity for taking precautions to avoid injuring him, and a "last clear chance," by the exercise of care, to avoid inflicting the injury, after such knowledge was brought home to him. p. 589.

Southern R. Co. *v.* Wahl—196 Ind. 581.

9. RAILROADS.—*Engineer not required to check speed of his train or stop because he sees unknown object on track.*—An engineer is not required to slow down the speed of his train or stop because he sees an object on the track, the character of which he does not know. p. 590.

10. RAILROADS.—*Railroad owes no duty to trespasser lying helpless on its track until it has knowledge of·the fact and a "last clear chance" to avoid injuring him.*—A railroad company does not owe any duty to a trespasser who is lying on its track in a helpless or unconscious condition until it has knowledge of the fact and has a "last clear chance" to avoid injuring him by the exercise of ordinary care (*Watts* v. *Chicago, etc., R. Co.,* 61 Ind. App. 51, 56, disapproved). p. 591.

11. RAILROADS.—*Instruction as to contributory negligence of trespasser on track held misleading.*—In an action against a railroad company by a trespasser who was run over by a train while lying in a stunned and helpless condition on the track, an instruction that, for plaintiff's contributory negligence to be available as a defense, it must have been negligence which "actively and contemporaneously existed at the time of the injury, and be the proximate cause thereof," was misleading. p. 591.

12. RAILROADS.—*Instruction as to care to avoid injury to person lying on track on private right of way between crossings held misleading.*—In an action against a railroad company by a person injured while lying in a helpless condition on the track between crossings, an instruction that the care to be exercised by the defendant "must be in proportion to the danger to be apprehended and the serious nature of the consequences that may result·from the neglect to use such care" was misleading as indicating that a "proportion" of care·different from "ordinary" care should have been used. p. 592.

From Spencer Circuit Court; *Fred A. Heuring,* Judge.

Action by Raymond Wahl against the Southern Railway Company and another. From a judgment for plaintiff, the defendants appeal. [Transferred from the Appellate Court under Acts 1901 p. 567, §10.] *Reversed.*

*John D. Welman, William H. Brown, Alex P. Humphrey* and *Edward P. Humphrey,* for appellants.

*Ralph E. Roberts, Ralph R. Roberts* and *Elbert M. Swan,* for appellee.

EWBANK, J.—This was an action for personal injuries sustained by reason of a locomotive engine drawing a freight train that was being operated by defendant (appellant) Lynch as an engineer in the employ of the defendant railroad company running over and cutting off plaintiff's arm when he was lying beside and upon the railroad track with his arm across the rail, on defendant's private right of way, remote from any crossing. Overruling the separate demurrer of each defendant to each paragraph of the complaint and overruling the motions for a new trial are assigned as errors.

The first paragraph of the complaint, after having alleged that plaintiff was walking upon the main track of the railroad on its right of way at a distance from the station, alleged that he stumbled and fell, so that he lay outside the rail with his arm and part of his body across it, and, in such fall, struck his head violently against the rail and ties, so that he was stunned and rendered "almost unconscious and wholly helpless" and unable to get off the track; that at the time he fell, the locomotive drawing the train operated by the defendant company, in charge of defendant Lynch and a fireman as its servants, was approaching him a short distance away, around a curve and behind some trees, and that immediately afterward it came to a point from which the track ran straight to where plaintiff was lying thereon, a quarter of a mile away; that the locomotive and train were being run "at a moderate rate of speed  *  *  *  and that both said engineer and fireman then and there saw plaintiff thus lying on and by said track" during all the time that the engine was run said distance, "and saw and realized, *or in the exercise of ordinary care should have realized* the helpless condition of plaintiff and his imminent peril thereon, and his danger from said approaching engine in ample

time, with the means therefor at their hand, to have checked and stopped said engine before running it against, on and over the plaintiff and injuring him," but negligently failed to do so and negligently ran the engine against, upon and over plaintiff, and thereby injured him in a manner described, all of which was proximately caused by said negligence of defendants. There was no motion to make either paragraph of the complaint more specific after they were amended to read as they appear in the transcript.

The facts thus alleged clearly show that plaintiff was on the defendant company's railroad tracks without right and as a trespasser, and that his act of 1, 2. going and being thereon at that place constituted contributory negligence. Under such circumstances, the defendants did not owe him any duty to keep a lookout ahead for the purpose of discovering him lying on the track in time to stop the train before reaching the place where he was, nor to run the locomotive and train slowly enough and under such control that it could be stopped if his presence should be discovered; and even if the alleged facts were deemed sufficient to show that a general duty to keep a lookout ahead was violated by defendants, plaintiff's contributory negligence would be a defense to an action for damages on that account. But this paragraph not only charged a failure to keep a lookout for plaintiff as the train approached the place where he was lying, but it also alleged that after he had fallen, and while he was lying stunned and helpless on the track, "both said engineer and fireman * * * saw this plaintiff lying on and by said track during all of said time and distance (of running one-fourth mile) and saw * * * the helpless condition of plaintiff and his imminent peril thereon" in ample time to have prevented the injury, but negligently ran the engine over him. These aver-

ments sufficiently charged knowledge of plaintiff's help-less condition and peril after his contributory negligence in going upon the track had ceased actively to operate, and after it had become apparent that he could not extricate himself from the peril, though de-fendants could prevent the threatened injury, to make the complaint sufficient under the doctrine of the "last clear chance." Actual knowledge is alleged, both of his position and of his helpless condition, and upon proof of such facts, plaintiff might recover, notwithstanding his own negligence had put him in the perilous situa-tion. *Terre Haute, etc., Traction Co.* v. *Stevenson* (1919), 189 Ind. 100, 123 N. E. 785, 127 N. E. 3.

Appellant points to the fact that the pleading averred, in the alternative, that the engineer and fireman "real-ized, or in the exercise of ordinary care should have realized" plaintiff's helpless condition and peril, and correctly states the rule that such an averment in the alternative does not sufficiently allege that the help-less condition and peril actually were "realized." But the averments that they "saw" plaintiff lying on the track, and "saw" his helpless condition and his peril are not in the alternative, and these direct averments sufficiently charge actual knowledge. And the rule is that "knowledge of the peril made it his duty to realize." *Terre Haute, etc., Traction Co.* v. *Stevenson, supra,* on page 112. No error was committed in overruling the demurrer to the first paragraph of the complaint.

The second paragraph alleged substantially the same facts as the first one, including the alleged fact that the engineer and fireman saw plaintiff lying on the track helpless, and "saw and realized the helpless condition of plaintiff and his imminent danger thereon" in time to have stopped the engine and pre-vented the injury; but, instead of charging a negligent failure to avoid injuring plaintiff, it averred that "de-

fendants and their said employees then and there acting in the line of their duty, and in the scope of their duty as such, wilfully, purposely and recklessly with intent to run said engine on and against plaintiff and injure him, intentionally failed to check or stop said engine * * * did then and there, knowing all the facts above alleged, wilfully, wantonly, intentionally and purposely, and with the intent to run said engine on and to hurt and injure this plaintiff, run said engine against, upon and over this plaintiff, and with the wheels of said engine did thus and thereby crush * * * and cut off the right arm of this plaintiff * * . * all of which was caused immediately and proximately by their said wilful, wanton and intentional acts and omissions * * * and by their wilfully and intentionally running said engine against and upon this plaintiff as alleged above." This paragraph also speaks of the defendants having "recklessly" (as well as wilfully and intentionally) failed to stop the train, and of their acts being "reckless" as well as "wilful, wanton and intentional." But it clearly charges that an injury was wilfully and intentionally inflicted, with knowledge of plaintiff's alleged helpless situation. Defendants owed plaintiff the duty not to injure him intentionally, even though he may have been a trespasser whose own negligence had brought him into a perilous situation. *Indianapolis Union R. Co.* v. *Boettcher* (1891), 131 Ind. 82, 86, 28 N. E. 551; *Cannon* v. *Cleveland, etc., R. Co.* (1901), 157 Ind. 682, 689, 62 N. E. 8. And understood as charging that the alleged injury was wilfully and intentionally inflicted, the second paragraph of the complaint stated a cause of action and was sufficient to withstand a demurrer.

The third paragraph alleged the facts in substantially the same language as the first paragraph, down to the time when the locomotive drawing a freight train ran

around the curve and out upon the part of the track which runs straight for a quarter of a mile to where plaintiff was injured. But, instead of alleging that the engineer and fireman saw plaintiff lying on the track, and saw his helpless condition and imminent peril, as the first paragraph had done, it alleged that while plaintiff was lying helpless on the track in plain view from the approaching engine, "said engineer and fireman discovered and saw an object lying on the east rail of said track which might be a child, or an intoxicated or helpless person, at the time such object was about 400 yards in advance of and in front of said engine," and that the engineer failed to keep a diligent watch upon the object in approaching it, that he "realized or in the exercise of ordinary care should have realized the helpless condition of plaintiff, and his inability and imminent peril and danger, in time to have stopped said engine and avoided running against and upon plaintiff, with ordinary care," but that he negligently failed to check and slow down the speed of the engine and get it under control in approaching the object, so that he might stop it in time to avoid running over such object if it were ascertained to be a human being; that such object really was the plaintiff lying on the track, and that by reason of said facts the defendants negligently failed to stop the engine, but negligently continued to run it toward and to plaintiff without checking its speed, and negligently ran it against and over plaintiff and injured him. It also contained averments that it was the duty of the engineer to keep a lookout ahead and to discover plaintiff on the track, and to check the speed of his engine until he could ascertain what object was lying on the track; but these averments merely stated legal conclusions of the pleader as to the duty of defendants and cannot aid the complaint where the facts stated show that the law

would not impose any such duty.   Since plaintiff was a trespasser on the railroad company's private right of way, the company and its engineer did not owe him the duty to keep a lookout ahead and discover his presence on the track.   And since his own negligence in going upon the track to the point where he fell, when (it is alleged) the train was approaching little more than a quarter of a mile away, directly contributed to cause his injury, he cannot recover damages because of any negligent failure of the railroad company and its engineer to perform a mere general duty, such as keeping a lookout ahead, even if the facts imposed that duty. And there is no rule of law which limits the speed at which a railroad train may be run over a private right of way in the country between stations, in the absence of knowledge on the part of the trainmen that such speed will cause damage to the persons or property of others.

But counsel for appellee defend the sufficiency of this paragraph on the ground that it shows a special duty owing to plaintiff to have been created by the circumstances recited, and states a cause of action under the doctrine of the "last clear chance," by charging that after plaintiff had become incapacitated and helpless, the defendant, with knowledge of that fact, negligently inflicted an injury which plaintiff could not avoid.   An essential element of a cause of action by an injured person to recover damages for injuries inflicted by the negligence of another to which he admits his own negligence contributed, is that the defendant must have had actual knowledge of the danger to which plaintiff was exposed and of the necessity for taking precautions to avoid injuring him, and a "last clear chance" by the exercise of care to avoid inflicting the injury, after such knowledge was brought home to him.   "No special duty to use care in favor of

a particular party arises without actual notice of the particular party's peril." *Terre Haute, etc., Traction Co.* v. *Stevenson, supra,* on page 106; *Union Traction Co.* v. *Vatchet* (1921), 191 Ind. 324, 329, 132 N. E. 591.

But, instead of alleging that defendants had actual knowledge of plaintiff's perilous situation, the third paragraph of complaint merely averred that they knew "an object" was on the track, that upon discovering it there, the engineer failed to keep diligent watch and lookout to ascertain if such object was a person, that he failed to slow down the speed of the engine in approaching it, and that the engineer "realized, or in the exercise of ordinary care should have realized the helpless condition of this plaintiff" in time to have stopped before injuring him. The averment in the alternative that he "realized or in the exercise of ordinary care should have realized the helpless condition of plaintiff" does not, at the most, amount to more than an allegation that if he had used care to discover plaintiff's presence on the track, the engineer would have known of it. Such an allegation cannot be stronger than the weaker of the two alternatives suggested. But the defendants did not owe plaintiff any special duty to exercise care in his behalf until they had actual knowledge of his situation and peril. And plaintiff's contributory negligence, as set forth in the pleadings, bars any action on his behalf for the violation of a general duty. There is no rule of law in Indiana which requires an engineer to slow down the speed of his train or stop because he sees an object on the track, the character of which he does not know, and which may be a piece of paper, a bunch of grass or a wild animal, although it might prove to be a human being. The third paragraph of the complaint did not state facts sufficient to constitute a cause of action, and the demurrer thereto should have been sustained.

The instructions numbered 2, 3, 4, 6 and 10, given by the court at the request of plaintiff, each and all contained the same defect as the third paragraph 10. of the complaint, and assumed to declare the defendants liable in damages if they realized, or in the exercise of ordinary care ought to have realized, that plaintiff was on the track in a helpless or unconscious condition in time to have stopped the train before injuring him, without regard to whether or not they actually knew of his situation and danger. Neither of them should have been given. The defendants did not owe plaintiff any special duty to use care until they had knowledge of the fact which gave them a "last clear chance" to avoid injuring him in the situation in which there was evidence to show his own negligence had placed him.

The statement in the opinion in *Watts* v. *Chicago, etc., R. Co.* (1914), 61 Ind. App. 51, 56, 104 N. E. 42, that instructions to the effect: "that appellee owed no duty to appellant's decedent until it knew and appreciated the danger of such decedent, were erroneous" is disapproved, as applied to the case of a trespasser.

Instruction No. 9 told the jury that in order for negligence of the plaintiff to constitute contributory negligence which would be available as a defense, it 11. must be negligence on his part shown to have "actively and contemporaneously existed at the time of the injury and be the proximate cause of the injury." As applied to plaintiff, being unlawfully on defendant's track as a trespasser, where he had voluntarily gone without right for purposes of his own, though lying passively upon the rail at the time of the injury, such an instruction was misleading. There is little in common between the case at bar, of a trespasser injured at a point where he had no lawful right to be, and cases of injury to persons lawfully traveling

on public highways, who had as much right to be there as the street car or locomotive that injured them, except as they might be required to turn out for the car or locomotive to pass, and where the law imposed a duty on the motorman or engineer to keep a lookout and avoid running them down; and language used by the court in deciding cases of that kind will not serve for instructions in such a case as this one.

Instruction No. 7 was as follows (our italics) : "The care to be exercised, as used in the above instructions and stated therein as 'due,' 'ordinary' or 'reasonable care,' is such care as a person of ordinary prudence would exercise, under the particular circumstances then existing, *to avoid injuring a human being. Such care must be in proportion to the danger to be apprehended and the serious nature of the consequences that may result* from the neglect to use such care." As applied to the case where a train was being operated over a private right of way remote from any place where plaintiff had any right to be, this instruction was misleading as tending to make the jury believe that because a human being was lying on the track in this case, and any failure to use care to avoid injuring him might result in "serious consequences," a "proportion" of care should be used different from the "ordinary" care required under other circumstances. "Where a duty to exercise care exists, it is always the same regardless of the relation out of which it arises.  *  *  * This duty is defined by the law as 'due care,' 'ordinary care,' or 'reasonable care,' which terms are regarded by the courts as having the same significance. It is also the duty of the court to state the rule fixing the standard of care which will measure up to the duty imposed by law. The court should then leave it to the jury to decide whether the acts and conduct of the defendant in respect to the matter before the court meas-

ure up to the standard of care fixed by law.. In defining the duty and fixing the standard of care by which the jury is to measure the conduct of the defendant, the court does not consider the facts of the particular case. The duty is the same under all relations. * * * It is for the jury to consider the conditions and circumstances disclosed by the evidence in determining what action should have been taken or avoided, what precautions should have been employed, and what course of conduct should have been pursued in order to measure up to the duty of 'due care' which the law imposes. In determining this fact the jury applies the standard furnished by the court. * * *" *Union Traction Co.* v. *Berry, Admr.* (1919), 188 Ind. 514, 521, 522, 121 N. E. 655, 32 A. L. R. 1171.

The reference to the "serious nature of the consequences that may result from neglect" was improper as suggesting to the jury a wrong standard by which to determine whether or not the defendants were negligent in acting as they did under the circumstances shown by the evidence, of the operation of a train on a private right of way between crossings, where it was not shown that they had any reason to expect any persons to be. *Terre Haute, etc., Traction Co.* v. *Phillips* (1921), 191 Ind. 374, 389, 132 N. E. 740.

The other alleged errors complained of may not be committed when the case is again tried.

The judgment is reversed, with directions to sustain the demurrers of each defendant to the third paragraph of the complaint.